MARCUS BATTEAST, a Minor, by His Parents and Next Friends, James Batteast *et al.*, Plaintiff-Appellant, *v.* ARGONAUT INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—2539

Opinion filed September 14, 1983.

Robert A. Holstein, Ltd., of Chicago, for appellant.

Winston & Strawn and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, both of Chicago (Stanley A. Walton and D. Kendall Griffith, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Marcus Batteast, filed a declaratory judgment action to determine the maximum amount of coverage available under an insurance policy issued to St. Bernard's Hospital by Argonaut Insurance Company (Argonaut) covering the period December 31, 1975, to December 31, 1976. The defendants moved to dismiss the complaint, alleging, *inter alia*, that no actual controversy existed and that the plaintiff did not have standing to bring the action. The trial court granted the motion. The plaintiff appeals. The issues presented for re-

view are: (1) whether the extent of coverage under a liability insurance policy may be determined by declaratory judgment; (2) whether the trial court abused its discretion in denying the plaintiff's motion for leave to amend the complaint; and (3) whether the plaintiff's failure to raise the issue of the propriety of his action against defendant, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, in his brief constitutes waiver of that issue.

The plaintiff brought a personal injury action in the circuit court of Cook County which alleged that in February 1976, while in the care of St. Bernard's Hospital, he suffered permanent brain damage. During settlement negotiations, a dispute arose between the parties as to the amount of coverage available under the applicable insurance policy. The policy includes three areas of coverage: Comprehensive General Liability, Contractual Liability and Hospital Professional Liability. Under each area, Argonaut insured the hospital up to $1 million per occurrence and $1 million in the aggregate. The plaintiff contends that the maximum amount available to satisfy his claim is, therefore, $3 million. Defendant Argonaut's interpretation of the policy sets the maximum at $1 million.

Because the disagreement hindered negotiations, the plaintiff brought his complaint for declaratory judgment to seek judicial determination of the aggregate coverage provided by the policy and other equitable relief. The trial court granted the defendants' motion to dismiss the complaint with prejudice, and denied the plaintiff's motion for leave to amend. This appeal followed.

The plaintiff argues that his complaint seeking determination of the amount of coverage available was a proper action for declaratory judgment. He bases his contention on *Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512, which involved a personal injury action against Dyer Construction Company (Dyer). Travelers Insurance Company originally assumed defense of the action pursuant to the liability policy it had issued to Dyer. Subsequently, when Dyer agreed with Travelers that the claim was not covered by the policy, the insurance company withdrew from the case. The trial court dismissed the plaintiffs' subsequent complaint for declaratory judgment. In the appeal which followed, this court held that the plaintiffs were entitled to maintain the declaratory judgment action to determine whether their claim was covered under the insurance policy. 92 Ill. App. 3d 99, 103.

In the case at bar, there is no question of coverage. Argonaut has not refused to defend the underlying tort action on behalf of its insured, St. Bernard's Hospital. Indeed, Argonaut has participated in

settlement negotiations with the plaintiff. However, the plaintiff urges us to extend *Reagor* to the facts of this case and allow judicial determination of the amount of coverage in a declaratory judgment action.

■ In order to maintain a declaratory judgment action, there must be an actual controversy between parties capable of being affected by a determination of the controversy. (Ill. Rev. Stat. 1979, ch. 110, par. 57.1(1), now codified as Ill. Rev. Stat. 1981, ch. 110, par. 2—701; *Reagor v. Travelers Insurance Co.*) The controversy here stems from the parties' differing interpretations of the provisions regarding amount of coverage in the applicable insurance policy. Regardless of their disagreement, the plaintiff's right to any amount is contingent upon a finding of liability in the underlying tort action. Even if liability is later established, a resolution of the dispute would remain unnecessary unless the damages awarded exceeded $1 million. Moreover, if we were to allow this action, there is no reason why every tort claimant would not, upon filing a personal injury action, concomitantly file a declaratory judgment action to determine the maximum amount of coverage to which he would be entitled in the event that liability was subsequently established. We cannot create the right to such premature litigation. The instant fact situation does not present an actual controversy between the parties. Therefore, the plaintiff does not have standing at this time to maintain the declaratory judgment action.

■ The plaintiff contends that he should have been given the opportunity to amend his complaint. The decision to allow an amendment is a matter within the sound discretion of the trial court and, absent a manifest abuse of said discretion, we will not disturb the court's decision. (*Whildin v. Kovacs* (1980), 82 Ill. App. 3d 1015, 403 N.E.2d 694.) Since the plaintiff did not have standing to bring the action for declaratory judgment, we do not believe the trial court abused its discretion in this matter.

■ The plaintiff argues that his failure to raise the issue of the propriety of his action against Hinshaw, Culbertson, Moelmann, Hoban & Fuller in his original brief should be overlooked in the interest of justice. While the plaintiff's omission does not deprive this court of jurisdiction over the matter (see *Hux v. Raben* (1967) 38 Ill. 2d 223, 230 N.E.2d 831; *People v. Walsh* (1981), 101 Ill. App. 3d 1146, 428 N.E.2d 937), the rule is that points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing. (73 Ill. 2d R. 341(e)(7).) As the plaintiff has waived this issue, we will not address it.

Finally, the plaintiff argues that the language of the order of dis-

missal renders it a final judgment on the merits, which will preclude a declaratory judgment action to determine amount of coverage subsequent to a finding of liability in excess of $1 million in the underlying tort action. Although we have been assured by the defendants that *res judicata* is inapplicable, we strike the words "with prejudice" in the trial court order of dismissal of the declaratory judgment action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.