WILLIAM K. STOKES, *et al.*, Plaintiffs-Appellants, v. PEKIN INSURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 5—97—0679

Opinion filed July 28, 1998.

James E. Buchmiller, of James E. Buchmiller, Ltd., of Greenville, for appellants.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:
On April 2, 1996, Stephanie L. Stokes sustained severe injuries as a result of an automobile accident in which she was a passenger in a car owned by Linda Anderson and driven by Geneva E. Rhodes. At the time of the accident, Anderson was insured by defendant, Farmers Automobile Insurance Association, incorrectly sued as Pekin Insur-

ance Company. The insurance policy issued to Anderson and effective at the time of the accident provides for liability motorist coverage of $100,000 for each person and $300,000 for each accident.

On February 5, 1997, plaintiffs filed a complaint for declaratory judgment seeking a determination as to whether the $100,000-per-person limit or the $300,000-per-accident limit applies. Defendant filed a motion to dismiss arguing that such a determination prior to a judgment of liability is premature. On June 16, 1997, the circuit court granted defendant's motion to dismiss, and this appeal follows.

■ We review *de novo* a decision by the circuit court granting a motion to dismiss. *Federal Insurance Co. v. St. Paul Fire & Marine Insurance Co.*, 271 Ill. App. 3d 1117, 1121 (1995). We accept all well-pleaded facts as true for purposes of reviewing the circuit court's dismissal of plaintiffs' complaint for declaratory judgment. *Miles Kimball Co. v. Anderson*, 128 Ill. App. 3d 805, 806 (1984).

The only issue before us on appeal is whether plaintiffs' complaint, seeking a determination as to the limits of liability as to the insurance policy issued to the owner of the automobile in which Stokes was injured, is premature. Defendant argues that the circuit court acted properly in following the nearly identical case of *Batteast v. Argonaut Insurance Co.*, 118 Ill. App. 3d 4 (1983), and the similar case of *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371 (1993), in holding that the declaratory judgment action is premature prior to a finding of liability. This court sitting in the first district decided *Batteast*, and this court sitting in the third district decided *Weber*. Plaintiffs do not attempt to distinguish either *Batteast* or *Weber* from the case at bar but argue that the Fifth District Appellate Court has ruled differently on the issue presented in the instant action and that language in the supreme court's decision in *Murphy v. Urso*, 88 Ill. 2d 444 (1981), allows this declaratory judgment action to survive dismissal.

■ The law surrounding the court's authority to issue a declaratory judgment is well established. In determining the ripeness of a declaratory action, the court must first determine whether the complaint recites in sufficient detail an actual and legal controversy between the parties which demonstrates that the plaintiff is interested in the controversy. *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Illinois courts should liberally construe the declaratory judgment statute and should not be restricted by unduly technical interpretations. *First of America Bank, Rockford, N.A. v. Netsch*, 166 Ill. 2d 165, 174 (1995). This court has held that an "actual controversy" exists where there is a legitimate dispute admitting of an immediate and definite determination of the parties' rights, the resolution of

which would help terminate all or part of the dispute. *Dolezal v. Plastic & Reconstructive Surgery, S.C.*, 266 Ill. App. 3d 1070, 1083 (1994), citing *City of Chicago v. Department of Human Rights*, 141 Ill. App. 3d 165, 169-70 (1986). A declaratory judgment action is used " 'to afford security and relief against uncertainty *with a view to avoiding litigation, rather than in aid of it.*' " (Emphasis added.) *Dolezal*, 266 Ill. App. 3d at 1083, quoting *City of Chicago*, 141 Ill. App. 3d at 169-70.

In addition, the complaint must show that the underlying facts and issues of the case are not moot or premature. *Pincham v. Cunningham*, 285 Ill. App. 3d 780, 782 (1996). This court cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. *Pincham*, 285 Ill. App. 3d at 782.

The circuit court granted defendant's motion to dismiss, based on this court's decisions in *Batteast* and *Weber*. In *Batteast*, the plaintiff brought a personal injury action against St. Bernard's Hospital, alleging that he suffered permanent brain damage while in their care. The defendant, Argonaut Insurance Company, had issued an insurance policy to the hospital, and the policy was effective at the time of the injury. During the settlement negotiations, a dispute arose as to the amount of coverage available under the insurance policy. Because the dispute hindered negotiations, the plaintiff brought a complaint for declaratory judgment, seeking a judicial determination of the extent of coverage provided by the policy. *Batteast*, 118 Ill. App. 3d at 5.

In affirming the circuit court's dismissal of the complaint, this court stated:

"Regardless of their disagreement [as to whether coverage is $1 million or $3 million], the plaintiff's right to any amount is contingent upon a finding of liability in the underlying tort action. Even if liability is later established, a resolution of the dispute would remain unnecessary unless the damages awarded exceeded $1 million. Moreover, if we were to allow this action, there is no reason why every tort claimant would not, upon filing a personal injury action, concomitantly file a declaratory judgment action to determine the maximum amount of coverage to which he would be entitled in the event that liability was subsequently established. We cannot create the right to such premature litigation. The instant fact situation does not present an actual controversy between the parties." *Batteast*, 118 Ill. App. 3d at 6.

Although this court in *Batteast* held that the plaintiff did not have *standing* to maintain the declaratory judgment action, this has been characterized a misnomer. See *Weber*, 251 Ill. App. 3d at 372.

The other decision cited by the circuit court supporting its deci-

sion to dismiss plaintiffs' complaint was *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371 (1993). In *Weber*, the plaintiff filed a five-count complaint against a nursing home that was insured by the defendant, St. Paul Fire and Marine Insurance Company. The complaint sought treble damages under the Nursing Home Care Act (Ill. Rev. Stat. 1991, ch. 111½, par. 4153—602). When the defendant denied coverage under that act, the plaintiff filed a declaratory judgment action seeking a determination of whether the insurance policy issued by the defendant to the nursing home included coverage for exposure to treble damages under the Nursing Home Care Act. The circuit court held the insurance policy would provide coverage if such damages were awarded in the underlying tort action. *Weber*, 251 Ill. App. 3d at 372.

■ In reversing the circuit court's decision, this court held that the action was not ripe for adjudication as the issue of whether or not the insured has a duty to indemnify does not arise until an insured becomes legally obligated to pay the damages in the underlying action. *Weber*, 251 Ill. App. 3d at 373. This court held, "[A] declaratory judgment action brought to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe before adjudication in the underlying action." *Weber*, 251 Ill. App. 3d at 373-74.

As stated earlier, plaintiffs do not attempt to distinguish this court's decision in *Batteast* or *Weber* but merely argue that they should not be followed because the fifth district has taken a different approach. Plaintiffs cite two fifth district cases that have granted declaratory judgments when faced with a similar fact pattern. In *Stearns v. Millers Mutual Insurance Ass'n*, 278 Ill. App. 3d 893 (1996), plaintiffs filed a complaint for declaratory judgment seeking a determination as to the extent of coverage provided to the plaintiffs under an automobile insurance policy issued to plaintiff Karen Stearns. The parties agreed that plaintiff Stearns was covered under the policy and that defendant tendered a $100,000-per-person limit to the plaintiffs. The plaintiffs rejected this tender, contending that they were entitled to separate recoveries up to $300,000. The circuit court granted declaratory judgment in favor of the plaintiffs, and this court affirmed the circuit court's order on appeal.

The second case cited by plaintiffs is *General Casualty Co. v. McCowan*, 221 Ill. App. 3d 96 (1991). In *McCowan*, the defendant was involved in an automobile accident with Arnold Sternberg. While an action against Sternberg was pending, the plaintiff, General Casualty Company, Sternberg's insurance company, brought a declaratory judg-

ment action to determine the amount of insurance coverage afforded by its automobile liability policy. General Casualty Company sought a determination that only the $50,000-per-person coverage was afforded, while McCowan sought a determination that the $100,000-per-accident coverage was available. The circuit court held that the $50,000-per-person coverage was available, and this court affirmed the circuit court's finding on appeal.

■ Although plaintiffs cite both *Stearns* and *McCowan* for the proposition that the declaratory judgment in the instant case is not premature, we point out that in neither *Stearns* nor *McCowan* was this issue addressed. It is clear that the circuit court granted a declaratory judgment action regarding the limits of liability prior to a finding of liability, but the issue of ripeness was never discussed. On appeal, this court only addressed whether the circuit court's grant of the declaratory judgment was an abuse of discretion. Apparently, the issue of ripeness was never raised by the parties. As the issue of ripeness was not discussed or even mentioned in either *Stearns* or *McCowan*, we do not find these cases controlling in the instant action. We will not speculate as to why the decisions did not address the issue of ripeness, but we note that the issue of ripeness is not jurisdictional and may be waived if not raised in the circuit court. *In re General Order of October 11, 1990*, 256 Ill. App. 3d 693, 696 (1993).

Plaintiffs additionally argue that according to language in the supreme court's decision of *Murphy v. Urso*, 88 Ill. 2d 444 (1981), a declaratory judgment action in the instant case should be allowed. In *Murphy*, the issue before the supreme court was whether an insurer waived its policy defenses to a garnishment suit when the insurer failed to either defend its insured or seek a judgment declaring that it had no duty to defend. The supreme court in *Murphy* did not directly address the issue of whether a declaratory judgment action, sought to determine the limits of liability of an insurance policy prior to a finding of liability, is premature. However, in resolving the issue it did face, the supreme court stated:

> "Where the issues in an underlying suit and a declaratory judgment action are separable, deciding the question of coverage in a collateral proceeding prejudices no party. The situation changes when the issues are substantially the same ***." *Murphy*, 88 Ill. 2d at 455.

Plaintiffs attempt to utilize this language to allow a declaratory judgment in the instant action.

■ We do not believe that plaintiffs' action fits within this exception. Plaintiffs argue that the issue of liability in the underlying suit and the declaratory judgment action are entirely different and unre-

lated issues and that none of the facts in the one would arise in the trial of the other. We disagree because unless liability is ultimately determined to be greater than $100,000, any declaratory judgment action as to whether the policy limit is above $100,000 is meaningless. Unless liability is determined to be greater than $100,000, the result of the declaratory judgment action is nothing more than an advisory opinion. Therefore, the relevance of the declaratory judgment action is integrally related to the underlying suit of liability. Accordingly, we believe that these issues are inseparable, and therefore, the *Murphy* exception is inapplicable.

Returning to plaintiffs' complaint, a declaratory judgment action is ripe if the complaint shows an "actual controversy." However, plaintiffs' complaint fails to do so. Although plaintiffs argue in a pretrial memorandum and at oral argument that plaintiffs have incurred over $100,000 in medical bills, that defendant has offered $100,000 as a settlement based upon the belief that this is the limit of liability it is permitted to offer, and that the case would probably be resolved within a week after the issuance of a declaratory judgment, none of these details are raised in plaintiffs' complaint. Plaintiffs' complaint merely contains the bare allegations that "[i]t is the position of the Defendant that their maximum limit of liability for all damages sustained by all parties is limited by the 'Each Person' limit" and that "[t]here is an actual controversy between Plaintiffs and Defendant, the resolution which will aid in the termination of the controversy or some part thereof." A complaint must recite in sufficient detail an actual and legal controversy. Plaintiffs' complaint is insufficient to show an "actual controversy." If we were to find an "actual controversy" based upon the bare allegations in plaintiffs' complaint, we must find an "actual controversy" in every complaint which seeks a declaratory judgment as to liability limits, even if there is little chance that liability will ultimately exceed the disputed limits. This court may not issue advisory opinions that are contingent upon the possible happening of a future event. *Drayson v. Wolff*, 277 Ill. App. 3d 975, 979 (1996). In addition, this court will not encourage piecemeal litigation. *Stern v. Stern*, 105 Ill. App. 3d 805, 807 (1982). Accordingly, we cannot find an "actual controversy" based upon plaintiffs' complaint.

In conclusion, this court in *Batteast* has addressed the precise issue we face on appeal. *Batteast* was decided following the *Murphy* decision and has not been overturned. Plaintiffs fail to cite any authority where any court has determined that a declaratory judgment action similar to that sought by plaintiffs is ripe for adjudication. Although we acknowledge that the declaratory judgment statute must be liberally construed and should not be restricted by unduly technical

interpretations, plaintiffs' complaint simply fails to demonstrate an actual controversy.

Accordingly, we must affirm the decision of the circuit court of Montgomery County.

Affirmed.

MAAG and RARICK, JJ., concur.