THIRD DIVISION
FILED: March 31, 2006

No. 1-05-3122

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | NOS. 05 CH 3731 |
| | ) | 98 L 13503 |
| NANCY JEAN COTE, JOHN JOHANNESSON, | ) | |
| WALCO TRANSPORT, INC., and WALCZYNSKI | ) | |
| ENTERPRISES, INC., | ) | HONORABLE |
| | ) | ALEXANDER P. WHITE, |
| Defendants-Appellees. | ) | JUDGE PRESIDING. |

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Great West Casualty Company (Great West), appeals from an order of the circuit court dismissing its declaratory judgment action as untimely and an earlier order entered in a consolidated case, finding that it failed to tender the full amount of monetary coverage remaining under its policy of insurance in partial satisfaction of a judgment entered against its insureds. For the reasons which follow, we reverse the circuit court's order dismissing the declaratory judgment action and remand this matter with directions and for further proceedings in conformity with the opinions expressed herein.

The facts necessary to an understanding of our disposition of this appeal are not in dispute. Nancy Jean Cote filed an action in the Circuit Court of Cook County seeking damages by reason of

injuries she sustained on November 22, 1996, when the vehicle she was driving collided with a semi-tractor and trailer driven by John Johannesson.   Named as defendant's in Cote's complaint were Johannesson and his employer, Walco Transport, Inc.(Walco).   The case was docketed in the circuit court as No. 98 L 13503 (hereinafter referred to as the "underlying case").   Following a trial, the jury returned a verdict in Cote's favor and against both Johannesson and Walco, fixing Cote's recoverable damages at $2,052,750. Thereafter, the trial court entered judgment on the verdict.   The judgment was subsequently amended to include Walczynski Enterprises, Inc. in response to Cote's motion suggesting that Walco had changed its name to Walczynski Enterprises, Inc. (Walczynski).

Johannesson and Walco filed post-trial motions which the trial court denied.   In addition, the trial court imposed monitary sanctions against their attorneys for meritless pleading.

Johannesson and Walco filed a notice of appeal, and Cote filed a timely notice of cross-appeal.   On review, we reversed the order assessing sanctions against the attorneys representing Johannesson and Walco and affirmed the circuit court's judgment and orders in all other respects. <u>Cote v. Walco Transport, Inc</u>., No. 1-02-3857 (2004) (unpublished order under Supreme Court Rule 23).

At all times relevant, Walco was insured under a policy of

commercial lines insurance issued by Great West which provides $1,000,000 in liability coverage (hereinafter referred to as the "Policy"). In its brief, Great West acknowledges that Johannesson and Walczynski are additional insureds under the Policy.

On October 14, 2004, Great West tendered two checks payable to Cote and her attorney. The first check was in the sum of $995,000, representing what Great West claimed was the remaining limit of liability coverage under the Policy. The second check was in the sum of $402,901.56, representing accrued interest on the entire judgment in favor of Cote in the underlying case through the date of tender. Cote refused the tendered sums, contending that Great West had failed to tender the Policy's full $1,000,000 limit of liability coverage.

On November 11, 2004, Johannesson, Walco, and Walczynski (hereinafter collectively referred to as the "defendants") filed a motion in the underlying action seeking an order finding that the judgment in favor of Cote had been partially satisfied to the extent of $995,000 and that interest on the judgment had been paid to the extent of $402,901.56. Additionally, the defendants requested an order providing that, if Cote refused to accept the tender of the two checks from Great West, the sums be deposited with the court. On November 15, 2004, the trial court entered an order directing that the defendants deposit the sum of

3

$1,397,901.56, the total sum tendered by Great West, with the Northern Trust Company as escrowee for the benefit of Coat and her attorney. The order also provided that the deposit would be without prejudice to Cote's right to contest the adequacy of the tender or to maintain that interest continued to run on the full amount of the judgment.

On December 1, 2004, Cote filed a motion in the underlying case requesting, inter alia, that the trial court find that the defendants' insurance carrier, Great West, had not made a "perfect tender so as to stop the post judgment interest from running on the full amount" and that the defendants and Great West still owe Cote interest on the full amount of the judgment. On February 4, 2005, the trial court entered an order finding that "there has been an improper tender of the judgment plus accrued interest" and directing Cote's attorney to tender the amounts previously paid back to the defendants' attorneys within 30 days.

On February 25, 2005, Great West filed a declaratory judgment action in the Circuit Court of Cook County which was docketed as No. 05 CH 03731. Named as defendants in that action were Cote, Johannesson, Walco, and Walczynski. Great West sought findings that: the maximum limit of its liability for indemnification under the Policy is $1,000,000; the limit of its liability for indemnification under the Policy was reduced by $2,000 paid to Cote

1-05-3122

for damage to her property and an additional $3,000 it paid to State Farm Insurance Company as reimbursement for Cote's medical expenses; its October 14, 2004, tender to Cote of $995,000 plus $402,901.56 in accrued interest fulfilled its obligations under the Policy and that it was not obligated to pay any additional sums to Cote. In addition, Great West sought an order directing Cote to execute a partial satisfaction of judgment reflecting the payment of $995,000 plus $402,901.56 in accrued interest through and including October 14, 2004.

On April 28, 2005, the circuit court entered an order consolidating Great West's declaratory judgment action and the underlying case. Thereafter, Cote filed a motion pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2004)) seeking the dismissal of Great West's declaratory judgment action. In that motion, Coat asserted, inter alia, that: the declaratory judgment action is untimely because Great West never raised any issues of coverage prior to the entry of the judgment in the underlying case; no actual controversy exists between Great West and Cote, as all matters relating to the adequacy of the October 14, 2004, tender were resolved in the underlying action with the trial court's order of February 4, 2005; and Great West's request for a finding that the limit of its liability for indemnification under the Policy was reduced by the

5

1-05-3122

$3,000 it paid to State Farm Insurance Company as reimbursement for Cote's medical expenses is untimely pursuant to the provisions of section 2-1205.1 of the Code (735 ILCS 5/2-1205.1 (West 2004)).

On August 22, 2005, the trial court entered a Memorandum Decision and Judgment Order, dismissing Great West's declaratory judgment action, finding that the action was untimely and "an attempt to reduce Cote's recovery in violation of 735 ILCS 5/2-1205.1." In addition, the trial court found that interest on Cote's judgment would continue to accrue "until proper tender is attained." Thereafter, Great West initiated this appeal with the filing of a notice of appeal from the circuit court's orders of August 22, 2005, and February 4, 2005. In urging reversal of the circuit court's orders, Great West argues that: 1) the dismissal of its declaratory judgment action as untimely was error, as no case or controversy arose until Cote refused its October 14, 2004, tender; 2) the trial court erred in finding that it made an "improper tender" of its policy limits to Cote; and 3) the trial court erred in finding that its declaratory judgment action violated section 2-1205.1 of the Code.

The circuit court's Memorandum Decision and Judgment Order of August 22, 2005, states that it was entered in response to Cote's motion to dismiss which was brought pursuant to section 2-619 of the Code. Section 2-619 affords a defendant a means of obtaining a

6

1-05-3122

summary disposition of an action based upon issues of law or easily proven issues of fact. Kedzie and 103rd Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 115, 619 N.E.2d 732 (1993). An appeal from a dismissal pursuant to this section of the Code is a matter given to a de novo review. Guzman v. C.R. Epperson Construction, Inc., 196 Ill. 2d 391, 397, 752 N.E.2d 1069 (2001). Our function on review is to "determine whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." Guzman, 196 Ill. 2d at 397.

For its first assignment of error, Great West argues that the circuit court erred in dismissing its declaratory judgment action as untimely. We agree.

Cote argued, and the trial court agreed, that, when an insurance carrier waits to bring a declaratory judgment action until after the underlying case has been resolved, the declaratory judgment action is untimely as a matter of law. See Employers Insurance of Wausau v. Ehlco Liquidating Trust, 186 Ill. 2d 127, 157, 708 N.E.2d 1122 (1999) (Wausau). Great West acknowledges the holding in Wausau, but argues that it has no application to the facts in this case. According to Great West, the proposition of law set forth in Wausau, and relied upon by the circuit court, is applicable only in situations where an insurer denies coverage for

7

1-05-3122

the underlying case and neither defends its insured under a reservation of rights or brings a declaratory judgment action prior to or during the pendency of the underlying case to determine its obligations. Great West asserts that this case presents an entirely different fact situation as it never denied coverage and did, in fact, defend its insureds in Cote's underlying action. Great West contends that no actual controversy arose between the parties relating to the monetary limit of coverage remaining under the Policy until after there was a finding of liability on the part of its insureds in the underlying case and Cote refused its tender of October 14, 2004. Great West maintains that any declaratory judgment action filed prior to that time would have been premature. See Batteast v. Argonaut Insurance Co., 118 Ill. App. 3d 4, 6, 454 N.E.2d 706 (1983).

As Great West correctly notes, the holding in Wausau upon which the circuit court relied in dismissing its declaratory judgment action as untimely was promulgated in the context of a case involving an insurer that had denied that the underlying case fell within the coverage afforded under its policy of insurance and neither defended its insured under a reservation of rights or sought a declaratory judgment prior to or during the pendency of the underlying action. Wausau, 186 Ill. 2d at 150-57. The Wausau Court specifically stated that its holding was based on an estoppel

8

theory and was applicable only to an insurer that had breached its duty to defend. Wausau, 186 Ill. 2d at 151. In this case, Great West neither denied coverage or declined to defend its insureds. To the contrary, Great West has always acknowledged that Cote's action fell within the coverage afforded under the Policy, and it discharged its contractual duty to defend its insureds.

Simply put, the holding in Wausau upon which the circuit court relied to dismiss Great West's declaratory judgment action as untimely has no application to the facts of this case. However, our review is de novo, and we can affirm the trial court's dismissal of the action on any ground warranted, regardless of whether the reason given by the trial court was correct. See Beckman v. Freeman United Coal Mining Co., 123 Ill. 2d 281, 286, 527 N.E.2d 303 (1988). Consequently, we will address directly the question of whether Great West's declaratory judgment action was untimely.

Section 2-701(a) of the Code provides that the circuit "court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments." 735 ILCS 5/2-701(a) (West 2004). By the very terms of the statute, a declaratory judgment action may not be maintained unless and until an actual controversy exists between the parties. As the court in Stokes v. Pekin Insurance Co., 298 Ill. App. 3d 278, 280-81, 698 N.E.2d 252

9

1-05-3122

(1998), held: "[A]n 'actual controversy' exists where there is a legitimate dispute admitting of an immediate and definite determination of the parties' rights, the resolution of which would help terminate all or part of the dispute."

The controversy in this case relates to the amount that Great West is required to pay Cote under the terms of the Policy. Great West never denied that Cote's action fell within the coverage afforded its insureds; rather, the parties' dispute relates only to the amount owed. Therefore, until Great West's insureds were found liable to Cote, any declaration as to the amount of coverage available under the Policy would have been purely advisory and premature. Stokes, 298 Ill. App. 3d at 283-84; Batteast, 118 Ill. App. 3d at 6. As the court in Batteast observed, if the issue of the amount of coverage available under a policy of insurance were ripe for resolution prior to a determination of the liability of the carrier's insured in the underlying action, every plaintiff, upon the filing of a personal injury action, could concomitantly file a declaratory judgment action to determine the amount of coverage available in the event that liability was subsequently established. Batteast, 118 Ill. App. 3d at 6.

Our analysis leads us to conclude that, in cases such as this where an insurance carrier has not denied coverage and has undertaken the defense of its insured, a declaratory judgment

10

action to determine the amount of insurance coverage available under the carrier's policy is not ripe for adjudication until the liability of the insured has been determined in the underlying action. Great West filed its declaratory judgment action after the liability of its insureds to Cote had been established and Cote had rejected its tender in partial satisfaction of her judgment. The dispute between Great West and Cote as to the adequacy of the tender was certainly ripe for adjudication, and no argument has been made that it is barred by any applicable statute of limitations. For these reasons, we find that Great West's declaratory judgment action was not untimely and the circuit court erred in dismissing it on that basis.

Next, Great West argues that the trial court erred in finding that its declaratory judgment action violated section 2-1205.1 of the Code. In support of its dismissal of Great West's action, the trial court found that Great West was not entitled to any reduction in the sums owed to Cote by reason of the provisions of section 2-1205.1, as no motion to reduce her judgment was made within 30 days of its entry. However, Great West disclaims any reliance upon section 2-1205.1 in support of its contention that the tender of October 14, 2004, was a complete tender of the then remaining liability coverage under the Policy. In point of fact, Great West's entire declaratory judgment action rests on the proposition

11

that, under the terms of the Policy itself, the $1,000,000 limit of the liability coverage had been reduced by the $5,000 it had previously paid to "reimburse for [Cote's] *** property damage and medical expenses." The issue of whether Great West is obligated to indemnify its insureds for post-judgment interest accruing on the full amount of Cote's judgment after October 14, 2004, rests on a construction of the Policy to ascertain whether Great West's tender of October 14, 2004, constituted a complete tender of the remaining balance of liability coverage available under the Policy, not on whether Cote's judgment has been reduced by $5,000 pursuant to the provisions of section 2-1205.1 of the Code. As Great West correctly asserts, its declaratory judgment action has nothing whatever to do with an application of section 2-1205.1. We conclude, therefore, that the trial court also erred in finding that Great West's declaratory judgment action is an attempt to reduce Cote's judgment contrary to section 2-1205.1 of the Code and in dismissing the action on that basis.

Based upon the foregoing analysis, we reverse the trial court's judgment of August 22, 2005, dismissing Great West's declaratory judgment action.

Finally, Great West argues that the trial court erred when, in its February 4, 2005, order, it found that Great West made an "improper tender" of the Policy's remaining limit of liability

coverage. However, for the reasons which follow, we conclude that it would be inappropriate to address the merits of the issue at this time.

In its order of February 4, 2005, the trial court found that there had been "an improper tender of the judgment and accrued interest." The order was entered in Cote's underlying action in response to her motion requesting a finding that the defendants and their insurance carrier, Great West, had not made a "perfect tender so as to stop the post judgment interest from running on the full amount" of her judgment and that the defendants and Great West still owe her additional interest on the full amount of that judgment. The trial court's order of February 4, 2005, can hardly be termed a final order as it did not fully and finally resolve the dispute existing between the parties. See People ex rel. Scott v. Silverstein, 87 Ill. 2d 167, 171, 429 N.E.2d 483 (1981). It was not until the entry of the August 22, 2005, judgment that the trial court found that interest on Cote's judgment would continue to accrue until a proper tender is made. However, the August 22, 2005, judgment was entered in response to a section 2-619 motion, requesting only that Great West's declaratory judgment action be dismissed as untimely, either because it was not filed until after her underlying case had been disposed of or because Great West was attempting to obtain a reduction in her judgment past the 30 days

13

1-05-3122

provided in section 2-1205.1 of the Code. Had Cote desired a judicial determination of the issue of whether interest continues to accrue on her judgment in the underlying case, she could have filed a counter-claim for a declaratory judgment and, thereafter, moved for summary judgment on the issue, or she might have sought such a finding in the context of a section 2-615 motion for judgment on the pleadings (735 ILCS 5/2-615(e) (West 2004)) addressed to Great West's complaint for declaratory judgment. Cote did neither. Rather, in the reply memorandum that she filed in support of her section 2-619 motion, Cote, for the first time, requested affirmative relief in the form of a judicial declaration that, "as a matter of law, there has not been a tender to stop interest from continuing to run, either by the nature of the tender and/or the policy language." The procedure employed by Cote in this regard was wholly inappropriate and the affirmative relief she sought should not have been entertained, as a section 2-619 motion is not a vehicle for obtaining affirmative relief in the form of a summary determination in favor of a defendant on one of several major issues raised in a plaintiff's complaint. However, Great West never objected to the request, the trial court ruled on the issues, and Great West has not claimed that it was prejudiced by the procedure. Nevertheless, we must decline to address the question of the propriety of the trial court's finding.

14

1-05-3122

The question of whether Great West's tender of October 14, 2004, constituted a complete tender of the remaining balance of liability coverage under the Policy rests entirely upon a construction of the terms of the Policy. The record reflects that both Cote and Great West addressed the coverage afforded under the provisions of the Policy, but the trial court declined to address their arguments, and appears instead to have rested its conclusion that Great West's tender was not "legally sufficient" based upon its finding that Great West was attempting to receive a set-off contrary to the provisions of section 2-1205.1 of the Code. As we have already concluded, however, an application of section 2-1205.1 has nothing whatever to do with Great West's claim that it made a complete tender of the remaining balance of liability coverage under the Policy. Whether, the October 14, 2004, tender was "legally sufficient" or "improper" is an issue which can be decided only by construing the terms of the Policy, an inquiry which we are not inclined to conduct for the first time on appeal.

Additionally, the trial court's findings in its August 22, 2005, judgment provided the finality rendering its interlocutory order of February 4, 2005, appealable. Having reversed the August 22, 2005, judgment, the basis for the exercise of our jurisdiction to review the February 4, 2005, order may well have evaporated.

We believe that the prudent course of action, in light of our

15

1-05-3122

conclusion that the issue of the adequacy of Great West's tender of October 14, 2004, must be decided based upon a construction of the Policy and our misgivings as to whether we have jurisdiction to address the propriety of the February 4, 2005, order on the merits, is to remand the matter to the circuit court with directions to vacate that portion of its February 4, 2005, order finding that "there has been an improper tender of the judgment plus accrued interest" and to resolve the issue based upon a construction of the terms of the Policy.

For the reasons stated, we reverse the trial court's judgment of August 22, 2005, and remand this cause with directions to vacate portions of the February 4, 2005, order and to conduct further proceedings in conformity with the opinions expressed herein.

Reversed and remanded with directions.

KARNEZIS and ERICKSON, JJ., concur.

16