JENNIFER GREGORY, as Ex'r of the Estate of Stephen Michael Gregory and as Next Friend of Her Minor Children, Plaintiff-Appellee, v. FARMERS AUTOMOBILE INSURANCE ASSOCIATION *et al.*, Defendants-Appellants (R. Randall Wolf, as Special Representative of the Estate of Jeffrey W. Wolf, *et al.*, Defendants).

Fifth District    No. 5—07—0264

Rule 23 order filed May 18, 2009.—Motion to publish granted June 24, 2009.

Robert Marc Chemers, David S. Osborne, and Darryl L. Awick, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellants.

Paul Brown, of Brown, Hay & Stephens, LLP, of Springfield, and Robert M. Shupenus, of Rathbun, Cservenyak & Kozol, LLC, of Joliet, for appellee.

JUSTICE SPOMER delivered the opinion of the court:

Defendants Farmers Automobile Insurance Association (Farmers) and Pekin Insurance Company (Pekin) appeal the order of the circuit court of St. Clair County that granted a summary judgment in favor of the plaintiff, Jennifer Gregory, as the executor of the estate of Stephen Michael Gregory and as the next friend of her minor children, Michael Douglas Gregory and Richard Ivan Gregory, on counts I and II of her amended complaint for a declaratory judgment. On appeal, Farmers and Pekin contend that the circuit court erred in (1) denying their motion to dismiss counts I and II as premature, (2) denying their

motion to strike the plaintiff's motion for a summary judgment on the basis that the issues raised therein are moot, (3) making findings in its order granting a summary judgment to the plaintiff on issues that were never raised in the pleadings, (4) granting a summary judgment that declared that the business auto policy issued by Farmers and Pekin covered the auto involved in the underlying accident, (5) finding that the uninsured-motorist coverage in the business and personal automobile policies issued by Farmers and Pekin could be stacked and applying the "premium rule" to determine the amount of coverage, (6) denying Pekin's motion to dismiss counts I and II on the basis that it did not issue the business automobile policy at issue, and (7) denying their motion to dismiss counts III and IV of the amended complaint on the basis that the plaintiff did not have standing to assert a claim against them pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)). For the reasons set forth below, we reverse the order of the circuit court that granted a summary judgment to the plaintiff on counts I and II of the amended complaint, and we remand with directions that the circuit court enter an order dismissing those counts. We find that we have no jurisdiction with regard to the circuit court's order denying Farmers and Pekin's motion to dismiss counts III and IV of the amended complaint because there has been no final judgment on those counts.

## FACTS

The facts necessary for our disposition of this appeal are as follows. The plaintiff filed an amended complaint seeking a declaratory judgment regarding whether a business automobile liability insurance policy issued by Farmers and Pekin provided coverage to Ralph L. Wolf for an automobile accident. The complaint alleges that on June 26, 2004, Stephen Michael Gregory died in an automobile accident while a passenger in a vehicle driven by Jeffrey W. Wolf and co-owned by Jeffrey W. Wolf and Ralph L. Wolf. On July 30, 2004, the plaintiff filed a wrongful-death action in the circuit court of Peoria County, Illinois, against Jeffrey W. Wolf for negligence and Ralph L. Wolf for negligent entrustment. The underlying tort action is still pending. Farmers was providing a defense to Jeffrey and Ralph under the terms of a separate, personal automobile policy that they conceded provided coverage to the automobile involved in the accident.

Counts I and II, directed toward Farmers and Pekin respectively, sought a declaration that the business automobile policy provides additional liability coverage for the automobile involved in the accident. Farmers and Pekin filed a motion to dismiss counts I and II pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS

5/2—615 (West 2004)), arguing that a declaratory judgment action to determine coverage, brought before a liability determination in the underlying lawsuit, is premature. The circuit court denied the motion on May 3, 2005. Counts III and IV asserted causes of action against Farmers and Pekin pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2004)). On October 12, 2005, Farmers and Pekin filed a motion to dismiss counts III and IV of the amended complaint, arguing that the plaintiff had no standing to assert a section 155 claim against them. The motion was later denied by the circuit court. The remaining counts of the amended complaint are not at issue in this appeal.

On February 2, 2006, the plaintiff filed a motion for a summary judgment on counts I and II of the amended complaint. On April 24, 2007, the circuit court granted the plaintiff's motion for a summary judgment on counts I and II and entered an order declaring that there was coverage under the business automobile policy and that uninsured-motorist coverage under the business and personal policies could be "stacked." The circuit court also found there was no just cause to delay enforcement and/or appeal pursuant to Illinois Supreme Court Rule 304 (210 Ill. 2d R. 304). On May 9, 2007, the defendants filed a timely notice of appeal.

## ANALYSIS

The first issue on appeal is whether the circuit court erred in denying Farmers and Pekin's motion to dismiss counts I and II of the complaint as premature. We review a circuit court's ruling on a motion to dismiss *de novo*. *Stokes v. Pekin Insurance Co.*, 298 Ill. App. 3d 278, 280 (1998). Counts I and II of the complaint seek a declaration of the duty of Farmers and Pekin to indemnify Ralph and Jeffrey Wolf for the accident at issue. However, the underlying tort action is still pending, and there has been no determination regarding whether a damages award will be entered against one or both of them. The appellate court has repeatedly held that although a declaratory judgment action brought to determine an insurer's duty to defend is ripe upon the filing of a complaint against the insured, a declaratory judgment action brought to determine an insurer's duty to indemnify an insured is not ripe for adjudication until an insured becomes legally obligated to pay the damages in the underlying action. *Stokes*, 298 Ill. App. 3d at 282; *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371, 373-74 (1993); *Certain Underwriters at Lloyd's, London v. Boeing Co.*, 385 Ill. App. 3d 23, 42 (2008); *Czapski v. Maher*, 385 Ill. App. 3d 861, 867 (2008). The reason for this rule is that a court "cannot pass judgment on mere abstract propositions of law, render an advisory

opinion, or give legal advice as to future events." *Stokes*, 298 Ill. App. 3d at 281.

The plaintiff presents two arguments in support of her position that this court should affirm the circuit court's order denying Farmers and Pekin's motion to dismiss. First, the plaintiff argues that because her declaratory judgment action seeks an adjudication of whether the business automobile policy provides indemnification coverage at all, rather than seeking a determination of policy limits, the above-referenced rule of law is inapplicable. We find this to be a distinction without merit. A complaint for a declaratory judgment that seeks a determination of indemnification coverage seeks a declaration of the duty to indemnify to the same extent as a complaint for a declaratory judgment that seeks a declaration of policy limits. In either case, until the fact of liability or the amount of damages is determined in the underlying action, any declaration of coverage or policy limits would be advisory. Moreover, although *Stokes* was a policy limits case, the other cases cited above dealt with coverage issues.

Second, the plaintiff argues that Farmers and Pekin waived the issue of the ripeness of counts I and II on appeal because after their motion to dismiss was denied, they filed a counterclaim in the circuit court seeking a declaratory judgment. The issue of ripeness "may be waived if not raised in the circuit court." *Stokes*, 298 Ill. App. 3d at 283. However, in the instant case, Pekin and Farmers did raise the issue of ripeness in their motion to dismiss. After the circuit court denied the motion to dismiss, Farmers and Pekin were entitled to file an answer and a counterclaim in their defense. We therefore decline to find that Farmers and Pekin waived the ripeness issue. Accordingly, we hold that counts I and II of the plaintiff's complaint for a declaratory judgment are premature, and the circuit court erred in denying Farmers and Pekin's motion to dismiss. Because we find that counts I and II are not ripe for adjudication, we need not address the remaining issues raised on appeal on those counts.

As for counts III and IV, the denial of a motion to dismiss is not a final, appealable order. *State Farm Mutual Automobile Insurance Co. v. Illinois Farmers Insurance Co.*, 226 Ill. 2d 395, 415 (2007), citing *Chicago Housing Authority v. Abrams*, 409 Ill. 226, 229 (1951). Therefore, we have no jurisdiction to consider counts III and IV on appeal.

## CONCLUSION

For the foregoing reasons, we reverse the order of the circuit court which granted a summary judgment to the plaintiff on counts I and II of the amended complaint and remand with directions that the circuit

court enter an order dismissing those counts. We find that we do not have jurisdiction to consider counts III and IV.

Reversed; cause remanded with directions.

WELCH and GOLDENHERSH, JJ., concur.