THE HERTZ CORPORATION, Plaintiff-Appellant, v. RODNEY L. GAR-ROTT *et al.*, Defendants-Appellees.—THE HERTZ CORPORATION, Plaintiff-Appellee, v. JOSEPH FERRARO *et al.*, Defendants-Appellants.

First District (5th Division) Nos. 1—90—1045, 1—90—1107 cons.

Opinion filed December 14, 1990.—Rehearing denied February 8, 1991.

Wildman, Harrold, Allen & Dixon, of Chicago (Kevin T. Martin, Ruth E. VanDemark, and Anthony G. Hopp, of counsel), for The Hertz Corporation.

Walwyn M. Trezise, of Chicago, and Lindquist & Vennum, of Minneapolis, Minnesota (Charles R. Weaver, Jr., of counsel), for Joseph Ferraro and Anita Whitehead.

Sidney Novit & Associates, Ltd., of Chicago (Kent Novit, of counsel), for appellee Folarin J. Gboyega.

JUSTICE MURRAY delivered the opinion of the court:

Both the plaintiff, The Hertz Corporation (Hertz), and defendants, Joseph Ferraro (Ferraro) and Anita Whitehead (Whitehead), appeal from a final order of the circuit court of Cook County in a complaint for declaratory judgment that had been filed by Hertz. For reasons that we shall discuss, we reverse the order of the trial court and remand for further proceedings.

On November 18, 1988, Hertz filed a complaint for declaratory judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—701) alleging that on October 4, 1986, Angelique P. Garrott rented an automobile from them at one of their locations in Chicago, Illinois, and that at approximately 3 a.m. on October 5, 1986, Angelique's husband, Rodney L. Garrott, was involved in an automobile accident near 2606 North Halsted in Chicago while he was driving the rental vehicle. The complaint stated that Rodney Garrott collided with a vehicle which was owned by the Yellow Cab Company, which was being driven by Folarin Gboyega and which had been carrying two passengers, Joseph Ferraro and Anita Whitehead. Also as a result of the collision, two unoccupied parked vehicles, one owned by Sharon Lampkin and one owned by Luigi Serra, were allegedly struck.

The complaint, which named all of the above-mentioned parties as defendants, went on to state that Ferraro and Whitehead had filed a personal injury action against the Garrotts, Gboyega, and the Yellow Cab Company and that the Yellow Cab Company had, in turn, filed a third-party action against the Garrotts and Hertz; that Gboyega had filed a personal injury action against Rodney Garrott and Hertz; and that the Yellow Cab Company and Sharon Lampkin had filed property

damage claims against the Garrotts and Hertz. Hertz then asked the trial court to declare that Hertz was not contractually obligated to defend any claims brought against Angelique and Rodney Garrott arising from the October 5, 1985, automobile accident and that the provisions of the rental agreement with Angelique Garrott, which would have obligated Hertz to provide indemnity in the amount of $300,000/$100,000 and $25,000 in property damages, were voided because Angelique Garrott breached the rental contract by allowing Rodney to operate the rental vehicle while he was (a) under the age of 25 years, (b) an unlicensed driver, and (c) under the influence of alcohol.

Furthermore, Hertz, which was a certified self-insurer under the Illinois statutes (Ill. Rev. Stat. 1987, ch. 95½, par. 9—101), asked the trial court to interpret the provisions of sections 9—103 and 9—105 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, pars. 9—103, 9—105) and declare that its statutory obligation to indemnify Rodney and Angelique Garrott for any and all claims arising from the October 5, 1985, accident was limited to $50,000 in the aggregate.

Although the Garrotts were apparently served with notice of the action, they did not answer or appear to testify at the trial on this declaratory judgment action. The remaining parties stipulated that Angelique Garrott allowed Rodney Garrott to use the rental vehicle and then evidence was presented which indicated that Rodney Garrott was born on March 3, 1964, and that he was unlicensed to drive by the State of Illinois because his license had been suspended since 1985. Also, witnesses presented testimony to establish that Rodney Garrott had been intoxicated while he was driving the rental vehicle and became involved in the accident.

Based upon a finding that, at the time of the accident, Rodney had been operating the rental vehicle while intoxicated, the trial court ruled that the rental contract between Angelique Garrott and Hertz had been breached and that Hertz was under no contractual obligation pursuant to the rental agreement to provide indemnity to third parties for personal injury or property damages arising from the accident. The court then went on to decide that Hertz's statutory obligation to indemnify third parties was not limited to $50,000 in the aggregate, but rather, that the sum of $50,000 was available to each injured party.

After their motions to reconsider were denied, Ferraro and Whitehead filed an appeal on April 5, 1990, and Hertz filed an appeal on April 11, 1990. Hertz argues that the plain language of the statute, its legislative history, as well as common sense and public policy, require reversal of the trial court's declaratory judgment with respect to the interpretation of section 9—103 of the Illinois Vehicle Code. Ferraro and White-

head, on the other hand, argue that the trial court's ruling that the rental agreement was voided was against public policy, and they urge this court to rule that the amount of indemnification available to the injured parties is that which would have been provided under the rental agreement. In the alternative, they ask this court to affirm the court's interpretation of Hertz's statutory obligation. Gboyega, who has only filed a reply brief with this court, argues only that the trial court's interpretation of section 9—103 should be affirmed. None of the other named defendants, including the Garrotts, have appeared or participated in this appeal.

■ We note, first of all, that the issue of Hertz's duty, if any, to defend the Garrotts in the underlying actions filed by Ferraro, Whitehead, Gboyega, Yellow Cab Company, and Sharon Lampkin, which are apparently still pending in the lower court, was not addressed by the trial judge or by any of the parties in this appeal. The only issue addressed in the lower court and in the appeal before this court is whether Hertz has any duty to indemnify the Garrotts, either under the contract or by virtue of statutory provisions, in the event that in the underlying actions, the Garrotts are found liable and judgments are entered against them. It appears that the trial court never considered the ripeness of the issue of indemnification. However, we conclude that the order of the trial court on this issue was premature and requires that the order be reversed and the cause be remanded for further proceedings.

■ In Illinois a cause of action on an indemnity agreement does not arise until the indemnitee either has a judgment against him or her for damages, or has made payments or suffered actual loss. (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 199, 538 N.E.2d 530.) Nothing in the record of this case discloses that any of the parties, at this juncture, have made payments or suffered any actual loss with respect to the underlying pending lawsuits. The record on appeal contains only: (1) Hertz's complaint or declaratory judgment; (2) an answer filed by Ferraro and Whitehead; (3) a transcript of the court proceedings, wherein the trial court rendered its findings and opinion; (4) a copy of the order entered February 13, 1990; (5) motions to reconsider by Hertz and Ferraro and Whitehead; (6) the order denying the motions to reconsider; and (7) the notices of appeal. Until judgments are entered in the underlying causes of action or Hertz can demonstrate that it has suffered an actual loss, a cause of action, seeking a declaration of the amount of potential indemnification required by contract or imposed by law, does not accrue.

■■ Another illustration of the prematurity of the trial court's decision and further support of our decision to reverse the order of the

trial court is the fact that the trial court failed to consider the issue of Hertz's duty to defend the Garrotts in the underlying actions. The duty to defend is much broader than the duty to indemnify, so that an insurer may be obligated to defend an action even though it may not, ultimately, be obligated to indemnify the insured. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 514 N.E.2d 150.) The duty to defend an action is determined solely from the allegations of the underlying complaint, and a refusal to defend an action will not be justified unless it is clear from the face of the complaint that the allegations fail to state facts which bring the case within, or potentially within, the scope of coverage. (*Western Casualty & Surety Co. v. Adams County* (1989), 179 Ill. App. 3d 752, 534 N.E.2d 1066.) The potentiality of liability is what gives rise to the duty to defend, even though there may not be a high probability of recovery under the terms of the contract. *Tews Funeral Home, Inc. v. Ohio Casualty Insurance Co.* (7th Cir. 1987), 832 F.2d 1037, 1042.

In the present case there is no evidence that the trial court considered, independently, Hertz's duty to defend the Garrotts. Furthermore, certain facts of this case cast doubt on Hertz's ability to abdicate its duty to defend or at least raise some factual questions which must be resolved by the trial court. For instance, we question whether the trial court should have allowed Hertz to stipulate in the declaratory action, against the insured's/indemnitee's interests, that Angelique Garrott permitted her husband to drive the rental vehicle. To do so, in effect, allowed Hertz to stipulate to an element of proof in its allegation that the rental contract had been breached, negating its duty to defend in the underlying actions. Furthermore, there is no evidence in the appellate record to show that the Garrotts were served with notice and there was even some indication, at oral argument on this appeal, that Rodney Garrott might be in the service of this country, which would affect the trial court's ability to take action against him.

For the reasons cited above, we believe that the order of the trial court must be reversed and remanded for further proceedings. We note, however, that upon the completion of any such proceedings and upon the submission of a supplemental record demonstrating the resolution of the pending underlying lawsuits, this court would consider the merits of the issues raised in this appeal, based upon the briefs already submitted to this court.

Reversed and remanded.

LORENZ, P.J., and GORDON, J., concur.