DARREL WEBER, Ex'r of the Estate of Joseph R. Weber, Deceased, Plaintiff-Appellee, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellant (Sharon Health Care Elms, Inc., Defendant).

Third District   No. 3—92—1019

Opinion filed October 12, 1993.

Paul C. Estes, of Hinshaw & Culbertson, of Peoria (W. Mark Rasmussen, of counsel), for appellant.

Swain, Johnson & Gard, of Peoria (Mark D. Howard, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Darrel Weber, brought this declaratory judgment action as executor of the estate of Joseph R. Weber, deceased. The decedent, a resident at the Sharon Health Care Elms, Inc., nursing home, allegedly wandered away from the home and eventually died from exposure to the elements. The plaintiff sought a declaration

that an insurance policy issued by the defendant, St. Paul Fire and Marine Insurance Company, on behalf of the nursing home included coverage for exposure to treble damages under the Nursing Home Care Act (Act) (Ill. Rev. Stat. 1991, ch. 111½, par. 4153—602). The trial court found that the insurance policy would provide coverage for treble damages under the Act if such damages were awarded in the underlying tort action previously filed by the plaintiff against the nursing home. The insurance company appeals from that decision and we reverse, finding that the action is not ripe for adjudication.

The record shows that the plaintiff filed a five-count complaint against the nursing home. One of the counts sought treble damages under the Nursing Home Care Act. The insurance company sent the nursing home letters on two occasions denying coverage to the nursing home for exposure to liability for treble damages under the Act. Thereafter, the plaintiff filed the instant declaratory judgment action against the insurance company. The insurance company filed a motion to dismiss the complaint contending that the plaintiff did not have "standing" because the action was "premature." The trial court denied that motion. The parties subsequently filed cross-motions for summary judgment on the merits of the coverage issue. The trial court granted the plaintiff's motion for summary judgment, finding that the policy included coverage for treble damages under the Nursing Home Care Act.

On appeal, the insurance company first argues that the trial court should have dismissed the complaint for lack of an actual controversy.

Initially, we note that the parties cite *Reagor v. Travelers Insurance Co.* (1981), 92 Ill. App. 3d 99, 415 N.E.2d 512, and *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 454 N.E.2d 706, in their discussion of this issue. Those cases involve the use of the term "standing" in analyzing whether a party could maintain a declaratory judgment action. However, we find the term "standing" to be a misnomer and misleading in this context.

■■ To maintain a declaratory judgment action, there must be an actual controversy between the parties capable of being affected by a determination of the case. (Ill. Rev. Stat. 1991, ch. 110, par. 2—701.) A party has "standing" to bring an action when that party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. (See Black's Law Dictionary 1405 (6th ed. 1990).) However, whether an action is "premature," that is, not ripe for adjudication, focuses on an evaluation of

the fitness of the issue for judicial decision at that point in time. See *Board of Trustees of the Addison Fire Protection District No. 1 Pension Fund v. Stamp* (1993), 241 Ill. App. 3d 873, 608 N.E.2d 1274.

In the instant case, it appears that the insurance company is challenging the ripeness of the issue, rather than the plaintiff's general "standing" to bring the declaratory judgment action. Whether the plaintiff has a sufficient stake in the controversy prior to a judgment awarding triple damages in the underlying tort action, while in one sense related to the issue of ripeness, is a separate question. The insurance company is arguing the issue is not ripe at this stage. This question is distinguishable from the question of who has the right to bring such an action. The issue here is whether, absent a finding of liability and a judgment for triple damages in the underlying action, a determination of the insurance company's obligation to indemnify is premature, regardless of who is bringing the action, *i.e.*, insurer, insured, or injured third party.

Here, the insurance company apparently does not challenge its duty to defend the insured in the underlying action. Rather, the insurance company questioned whether it had a duty under the policy to indemnify if triple damages were awarded.

The duty to defend is much broader than the duty to indemnify, so that an insurer may be obligated to defend an action even though it may not, ultimately, be obligated to indemnify the insured. (*Hertz Corp. v. Garrott* (1990), 207 Ill. App. 3d 644, 566 N.E.2d 337.) The duty to defend is determined by the allegations of the complaint; however, the duty to indemnify will not be defined until adjudication of the action the insurer is called upon to defend. (*Maryland Casualty Co. v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 466 N.E.2d 1091.) Thus, the issue of a duty to defend is generally ripe for adjudication soon after the occurrence giving rise to the claim. Whether or not there is a duty to indemnify, however, does not arise until an insured becomes legally obligated to pay damages in the underlying action. *Bituminous Casualty Corp. v. Fulkerson* (1991), 212 Ill. App. 3d 556, 571 N.E.2d 256.

A declaratory judgment action is not intended to permit moot or hypothetical cases, or to enable parties to secure advisory opinions or legal advice from the court with respect to anticipated future difficulties, *i.e.*, there must be an actual controversy between the parties. (*Weary v. School District No. 189* (1974), 20 Ill. App. 3d 37, 312 N.E.2d 764.) Thus, a declaratory judgment action

brought to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe before adjudication in the underlying action. *Bituminous Casualty Corp. v. Fulkerson* (1991), 212 Ill. App. 3d 556, 571 N.E.2d 256.

In *Reagor*, the insurance company, after assuming the defense in the underlying tort action, withdrew, contending the policy it had issued did not cover the claim brought by the plaintiff. The tortfeasor/insured agreed the claim did not fall within the coverage of the policy. The plaintiff in the underlying action brought a declaratory judgment action to determine "coverage" under the policy. The *Reagor* court held the plaintiff had "standing" to maintain the action because it had a sufficient beneficial interest in the insurance policy. The court, however, did not distinguish between the insurer's duty to defend and its duty to indemnify. Nor did it analyze whether determination of either duty would be premature. We view *Reagor* as a duty to defend case. Although there was a controversy as to whether the policy covered the alleged injury, the real issue from the standpoint of a ripeness analysis was whether the insurance company had a duty to defend the insured. The duty to indemnify would arise later. The issue of whether the insurance company had a duty to defend was not premature and could properly be adjudicated in the declaratory judgment action.

On the other hand, in *Batteast* there was no issue as to the duty to defend. In that case, a dispute arose as to the interpretation of a provision of the insurance policy. The question was whether three types of coverage, each limited to $1 million, could be aggregated resulting in coverage up to $3 million. The court distinguished *Reagor*, finding the action was premature because the right to any specific amount was contingent on a finding of liability in the underlying case. Resolution of the dispute would be unnecessary unless the amount received in the judgment exceeded $1 million. The issue in *Batteast* involved a duty to indemnify. Since resolution of that issue was contingent on a finding of liability in the underlying action, the declaratory judgment action was premature.

In the instant case, the insurance company has not challenged its duty to defend. It has only questioned its obligation to indemnify the insureds should triple damages be awarded in the underlying tort action. Since the issue of liability has not been adjudicated, nor has a judgment for triple damages been awarded, the issue raised by the plaintiff is not ripe for adjudication at this time. The trial court in effect issued an advisory opinion on the insurance

company's obligation to indemnify the insured in the hypothetical case that triple damages are awarded. Thus, the trial court erred in denying the insurance company's motion to dismiss the action as premature.

Accordingly, the judgment of the circuit court of Peoria County is reversed.

Reversed.

LYTTON and STOUDER, JJ., concur.