**FIRST DIVISION**
**SEPTEMBER 30, 2008**

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

| | | |
|---|---|---|
| MARK CZAPSKI and ANNA CZAPSKI-FLOREK, Co-Special Administrators of the Estate of Roger Czapski, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| CHRISTOPHER MAHER, PROGRESSIVE UNIVERSAL INSURANCE COMPANY f/k/a PROGRESSIVE UNIVERSALE INSURANCE COMPANY OF ILLINOIS, a Corporation, PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, a Corporation, NATIONAL CASUALTY COMPANY, a Corporation, and FEDERAL INSURANCE COMPANY, a Corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

------------------------------------------------------------------- )

| | | |
|---|---|---|
| | ) | Nos. 06 CH 9408, |
| PAUL JASINSKI and THOMAS GUARNIERI, | ) | 06 CH 18422 |
| | ) | (Cons.) |
| Plaintiffs-Appellants, | ) | |
| v. | ) ) | |
| CHRISTOPHER MAHER, SCOTTSDALE INDEMNITY COMPANY, a Corporation, NATIONAL CASUALTY COMPANY, a Corporation, FEDERAL INSURANCE COMPANY, a Corporation, and PROGRESSIVE UNIVERSAL INSURANCE COMPANY, f/k/a | ) ) ) ) ) ) | |

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

Progressive Universal Insurance Company )
Of Illinois, a Corporation, )
                                                         )     Honorable
                  Defendants-Appellees. )     Mary Anne Mason,
                                                         )     Judge Presiding.
-------------------------------------------------------------------- )
                                                          )
NATIONAL CASUALTY COMPANY, )
                                                         )
                  Cross-Plaintiff, )
                  Third-Party Plaintiff, )
                  Appellee, )
                                                          )
               v. )
                                                          )
CHRISTOPHER MAHER, )
                                                          )
                  Cross-Defendant, )
                  Appellant, )
                                                          )
and SARAH FERRIS, MARK CZAPSKI and ANNA )
CZAPSKI-FLOREK, Co-Special Administrators of the )
Estate of ROGER CZAPSKI, Deceased, )
                                                         )
                  Third-Party Defendants, )
                  Appellants. )

PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court:

This consolidated appeal arises from a trial court's finding of no coverage under two insurance policies issued to an automobile dealership. The major issue presented before the trial court was whether a test-driver of a motor vehicle owned by an automobile dealership was a "customer" of that dealership for purposes of an exclusionary clause, excluding "customers" from coverage, under an automobile liability insurance policy. The trial court found in favor of National Casualty Company (National) and Federal Insurance Company (Federal) on their

2

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

respective section 2-619.1 (735 ILCS 5/2-619.1 (West 2000)) combined motions to dismiss and for summary judgment pursuant to sections 2-615 and 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-1005 (West 2000)). However, the trial court made no determination whether declarations regarding National's and Federal's duty to indemnify in the underlying matter were premature, since no determination of liability in the underlying lawsuits had been made at the time of this appeal. The parties did not brief before this court or argue this issue before the trial court. We find that this appeal is not ripe for adjudication and vacate the trial court's granting of defendants' motions for dismissal and summary judgment.

## I. BACKGROUND

On August 4, 2004, motor vehicles driven by Sarah Ferris and Christopher Maher collided. The facts surrounding the collision are as follows. Maher was test-driving a BMW automobile owned by Motor Werks of Barrington, Inc. (Motor Werks). Its employee Roger Czapski was seated in the BMW's front passenger seat. Paul Jasinski and Thomas Guarnieri, friends of Maher, were seated in the BMW's rear passenger seats.

Maher was driving the BMW motor vehicle in an easterly direction on Algonquin Road, approaching the intersection of Willow Creek Drive. Sarah Ferris, driving a 2002 Saturn motor vehicle, was traveling in a westerly direction on Algonquin, with the intention of making a left turn onto Willow Creek Drive. The collision occurred between the BMW and the Saturn as Ferris made a left turn from Algonquin Road onto Willow Creek Drive. The BMW ultimately struck a utility/light pole adjacent to the roadway. Czapski was killed and Jasinski and Guarnieri were seriously injured as a result of the collision.

3

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

A. The Underlying Complaints

Mark Czapski and Anna Czapski-Florek, co-special administrators of the estate of Roger Czapski (Czapski plaintiffs), filed wrongful death and survival actions pursuant to the Illinois Wrongful Death Act (740 ILCS 180/0.01 *et seq*. (West 2000)) and the Illinois Survival Act (755 ILCS 5/27-6 (West 2000)), against Maher and Ferris in the law division of the circuit court of Cook County on August 9, 2004. Count I of the complaint is directed against Maher and alleged that he was negligent, while count II is directed against Ferris and alleged that she was negligent. Motor Werks was not named as a defendant in that lawsuit.

Jasinski and Guarnieri also filed a negligence action against Maher, Ferris, and Motor Werks in the law division of the circuit court of Cook County on August 9, 2005. That complaint consisted of six counts. Counts I and II are directed against Ferris, counts III and IV are directed against Maher, and counts V and VI are directed against Motor Werks.

The underlying actions were later consolidated. At the time of this appeal, no determination of liability in the underlying lawsuits had been made.

B. The Declaratory Judgment Actions

The Czapski plaintiffs filed a complaint for declaratory judgment on May 1, 2006. Jasinski and Guarnieri filed a complaint for declaratory judgment on September 6, 2006. Both complaints for declaratory judgment sought declarations of coverage available to Maher under certain insurance policies issued to Motor Werks and certain insurance policies issued to Kevin Maher, Christopher Maher's father.

4

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

1. *Insurance Policies Held by Motor Werks*

At the time of the motor accident, Motor Werks had three liability insurance policies in effect. The effective policy period for each of the three insurance policies held by Motor Werks was May 1, 2004, to May 1, 2005.

The first of these policies, garage policy No. RBI0000025, from defendant Scottsdale Indemnity Company (Scottsdale), provided $1 million of automobile liability coverage for each occurrence. It is undisputed that Maher is an insured under the Scottsdale policy. It is also undisputed that Scottsdale is providing a defense for Maher and Motor Werks in the underlying lawsuits to these declaratory actions. Scottsdale has provided this defense without asserting a reservation of rights.[1]

Motor Werks also had a commercial umbrella policy in force, policy No. UM00030211, from defendant National Casualty Company (National), which provided liability coverage in excess of certain underlying insurance policies, expressly including the Scottsdale garage policy, policy No. RBI0000025, subject to a $5 million limit for each occurrence and in the aggregate. National has denied that coverage is available to Maher under its policy, relying on an

---

[1] As will be explained shortly, this case does not involve the duty to defend. This case involves only the question of whether the insurers under certain excess insurance policies issued to Motor Werks have a duty to indemnify Maher in the event that the $1 million of liability coverage provided by the Scottsdale garage policy is exhausted by settlement, verdict, or judgment.

5

exclusionary clause, which states that Motor Werks' "customers" are not "insureds" under the policy.

Motor Werks also had a commercial excess liability policy in force, policy No. 7983-85-63, from defendant Federal Insurance Company (Federal) that provided commercial liability coverage subject to a $10 million limit (per occurrence and in the aggregate) in excess of "the underlying limits of insurance." Federal has also denied that coverage is available to Maher under its policy contending that policy No. 7983-85-63 if a "follow-form" policy which runs in excess to policy No. UM00030211 issued by National to Motor Werks. Policy No. UM00030211 is the policy issued by National; however, Scottsdale Insurance was named instead of National in the policy, which the trial court found was a transcriptional error, which is further explained in this opinion. Federal contends that since Maher is excluded from coverage under the National policy by the "customer" exclusion, he is also excluded from coverage under its policy.

The Czapski plaintiffs, Jasinski, and Guarnieri counter that Maher was not excluded from coverage by the "customer" exclusion contained in the National policy. They explain that Maher was not a "customer" of Motor Werks within the meaning of that word. In support of their contention, they cite the definition of "customer" contained in Webster's New World College Dictionary. That dictionary defines "customer" as: "one who buys, esp[ecially] one who buys from, or patronizes, an establishment regularly." Webster's New World College Dictionary, 341 3d ed. 1997. They argue that since Maher, a test-driver of an automobile owned by an automobile dealership, was not a "customer" of Motor Werks, he should be deemed an "insured"

under the National policy. They further argue that, in the event this court finds that Maher was not an "insured" under the National policy, he should be deemed an "insured" under the Federal policy. They argue that the Federal policy followed the form of the Scottsdale policy and not the National policy.

2. *Insurance Policies Held by Kevin Maher*

The Czapski plaintiffs, Jasinski, and Guarnieri also initially sought a declaration of coverage available to Maher under two insurance policies issued by defendant Progressive Universal Insurance Company of Illinois (Progressive) to Kevin Maher, Christopher Maher's father. On August 4, 2004, Kevin Maher had two automobile insurance policies issued by Progressive. Progressive policy No. 43265386-1 provided insurance coverage subject to a limit of $250,000 per person and $500,000 per occurrence. Progressive policy No. 4326592-1 provided insurance coverage subject to a limit of $500,000 per occurrence. Kevin Maher was not named as a defendant in either the Czapski or Jasinski/Guarnieri complaints for declaratory judgment.

Progressive counterclaimed seeking a declaration of coverage available to Maher under the National and Federal policies, and sought a declaration that coverage under the two insurance policies issued by it to Kevin Maher was secondary to coverage provided by the National and Federal policies. The cases against Progressive were voluntarily dismissed; however, Progressive's countercomplaint was not dismissed and remains part of this appeal.

The declaratory judgment actions filed by the Czapski plaintiffs, Jasinski and Guarnieri were consolidated on November 13, 2006.

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

### 3. *The Trial Court's Ruling*

On July 10, 2007, as noted, the trial court found in favor of National and Federal. The trial court granted National and Federal's respective section 2-619.1 (735 ILCS 5/2-619.1 (West 2000)) combined motions to dismiss and for summary judgment pursuant to sections 2-615 and 2-1005 of the Code (735 ILCS 5/2-615, 2-1005 (West 2000)). In the transcript from the hearing on the motions, the trial court found that Maher was a "customer" of Motor Werks, within the common meaning of that word, and thus excluded from coverage under the National policy. The trial court also found that Maher was not an insured under the Federal policy, since the Federal policy was controlled by the National policy. The trial court denied the Czapski, Jasinski and Guarnieri, and Progressive responses to National and Federal's respective section 2-619.1 (735 ILCS 5/2-619.1 (West 2000)) combined motions, and denied their respective motions for summary judgment pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2000)).

This appeal followed.

### II. ANALYSIS

As noted, Scottsdale is providing a defense for Maher and Motor Werks in the underlying lawsuits. Accordingly, this case does not involve National's or Federal's duty to defend. The trial court ruled on only the question of whether National or Federal had a duty to indemnify Maher in the event that the $1 million of liability coverage provided by the Scottsdale garage policy was exhausted by settlement, verdict, or judgment.

In a personal injury action with severe injuries and death, normally all sides desire to

8

know what coverage is available in the underlying action. However, before reviewing the trial court's ruling in the instant matter, we must determine whether any determination regarding National's and Federal's duty to indemnify Maher in the underlying matter is premature, since no determination of liability in the underlying lawsuits had been made at the time of this appeal. Generally, "a declaratory judgment action to determine an insurer's duty to indemnify its insured should not be decided prior to the adjudication of the underlying action where the issues to be decided in both actions are substantially similar." *Allianz Insurance Co. v. Guidant Corp.*, 355 Ill. App. 3d 721, 731 (2005), citing *Murphy v. Urso*, 88 Ill. 2d 444, 455 (1981); *Burnett v. Safeco Insurance Co. of Illinois*, 227 Ill. App. 3d 167, 174 (1992). "The rationale for this rule is ' "that an untimely determination in the declaratory judgment action could subsequently prejudice a party in the underlying action through application of collateral estoppel." ' " *Allianz Insurance Co.* 355 Ill. App. 3d at 731, quoting *Brotherhood Mutual Insurance Co. v. Roseth*, 177 Ill. App. 3d 443, 451 (1988), quoting *Maryland Casualty Co. v. Chicago & North Western Transportation Co.*, 126 Ill. App. 3d 150, 157 (1984).

"A declaratory judgment action is not intended to permit moot or hypothetical cases, or to enable parties to secure advisory opinions or legal advice from the court with respect to anticipated future difficulties." *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371, 373 (1993). An actual controversy capable of resolution by a judicial decision must exist. *Weber*, 251 Ill. App. 3d at 372. Where the issue is an insurer's duty to indemnify, the controversy does not arise until the insured becomes legally obligated to pay damages in the underlying action. *Weber*, 251 Ill. App. 3d at 373. That has not yet happened here.

In *Murphy v. Urso*, 88 Ill. 2d 444 (1981), our Illinois Supreme Court carved out an exception to the general principle where the issues in the declaratory judgment action are separable from the issues raised in the underlying actions. However, *Murphy* did not involve issues of ripeness, the duty to indemnify, or excess insurers. A judgment for liability there was obtained before the insurer was made part of the action. *Murphy*, 88 Ill. 2d at 448-49. At issue was whether, in hindsight, the insurer should have determined its duty to defend by bringing a separate declaratory judgment action. *Murphy*, 88 Ill. 2d at 455. The court held a declaratory judgment action would have been premature because the issues determinative of coverage were also determinative of the insureds' liability. *Murphy*, 88 Ill. 2d at 455. The court was concerned with the preclusive effect a determination in the declaratory judgment action would have had on the underlying action. *Murphy*, 88 Ill. 2d at 455. It was in this context that the exception that an insurer may bring a declaratory judgment action to determine its duty to defend where the issues in the underlying suit and the declaratory judgment action are separable was created. *Murphy*, 88 Ill. 2d at 455-56.

This appeal concerns only the duty to indemnify. "[W]hether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 127 (1992). There has been no determination of liability in the underlying suits here. A decision by us on whether the excess policies would be triggered in the event of a future judgment is premature and would serve merely as an advisory opinion, which this court lacks the authority to issue. See *Howlett v. Scott*, 69 Ill. 2d 135, 143 (1977)

10

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

(Illinois judges have no authority to issue advisory opinions).

### III. CONCLUSION

The trial court here did not consider the ripeness of the declaratory judgment actions. Instead the court ruled on the merits and entered an order on July 10, 2007, from which this appeal was taken. That order prematurely determined the rights and obligations of the parties. The trial court: (1) granted summary judgment to National and Federal based on its interpretation of the insurance policies; (2) dismissed the declaratory judgment complaints apparently based on affirmative matter defeating plaintiffs' claim for coverage; and (3) denied plaintiffs' and Progressive's cross-motions for summary judgment. We now vacate the trial court's rulings on the parties' cross-motions for summary judgment. We affirm the trial court's ruling dismissing the complaints on the ground that those complaints were not yet ripe for adjudication. See Beckman v. Freeman United Coal Mining Co., 123 Ill. 2d 281, 286, 527 N.E.2d 303 (1988) (a court of review may affirm the dismissal of a complaint on any ground appearing in the record, regardless of whether the trial court relied on that ground).

Affirmed in part and vacated in part.

CAHILL and GARCIA, JJ., concur.

11

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
## (Front Sheet to be attached to each Opinion)

| | |
|---|---|
| Please use the following form: | |
| | **SEE REVERSE SIDE FOR CAPTION.** |
| Complete TITLE of Case. | |

| | |
|---|---|
| Docket No. | **Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)** |
| COURT | **Appellate Court of Illinois** <br> **First District, First Division** |
| Opinion Filed | **SEPTEMBER 30, 2008** <br> **(Month, Day and Year)** |

| | |
|---|---|
| JUSTICES | **PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court.** <br><br> **CAHILL, and GARCIA, JJ., concur.** |

| | |
|---|---|
| APPEAL from the Circuit Court of Cook County; the Hon:_____ Judge Presiding | Lower Court and Trial Judge(s) in form indicated in margin: <br> Appeal from the Circuit Court of Cook County. <br> Honorable Mary Anne Mason, Judge Presiding. |

| | |
|---|---|
| For APPELLANTS John Doe of Chicago. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. |
| For APPELLEES, Smith and Smith, of Chicago. Brown, of Counsel. | ---------------------------------------------------------------- <br><br> **PLEASE SEE PAGE 3 FOR ATTORNEYS OF RECORD.** |
| Also add atty. for third party appellants or appellees. | |

_____ (USE REVERSE SIDE IF NEEDED _____

Nos. 1-07-2137, 1-07-2207, and 1-07-2266 (Cons.)

## CAPTION:

MARK CZAPSKI and ANNA CZAPSKI-FLOREK,
Co-Special Administrators of the Estate of Roger
Czapski, Deceased,

                    Plaintiffs-Appellants,

     v.

CHRISTOPHER MAHER, PROGRESSIVE
UNIVERSAL INSURANCE COMPANY f/k/a
PROGRESSIVE UNIVERSALE INSURANCE
COMPANY OF ILLINOIS, a Corporation,
PROGRESSIVE PREMIER INSURANCE COMPANY
OF ILLINOIS, a Corporation, NATIONAL CASUALTY
COMPANY, a Corporation, and FEDERAL INSURANCE
COMPANY, a Corporation,

                    Defendants-Appellees.

-------------------------------------------------------------------
PAUL JASINSKI and THOMAS GUARNIERI,

                    Plaintiffs-Appellants,

     v.

CHRISTOPHER MAHER, SCOTTSDALE INDEMNITY
COMPANY, a Corporation, NATIONAL CASUALTY
COMPANY, a Corporation, FEDERAL INSURANCE
COMPANY, a Corporation, and PROGRESSIVE
UNIVERSAL INSURANCE COMPANY, f/k/a
Progressive Universal Insurance Company
Of Illinois, a Corporation,

                    Defendants-Appellees.

-------------------------------------------------------------------
NATIONAL CASUALTY COMPANY,

                    Cross-Plaintiff,
                    Third-Party Plaintiff,
                    Appellee,

     v.

CHRISTOPHER MAHER,

                    Cross-Defendant,
                    Appellant,

and SARAH FERRIS, MARK CZAPSKI and ANNA
CZAPSKI-FLOREK, Co-Special Administrators of the
Estate of ROGER CZAPSKI, Deceased,

                    Third-Party Defendants,
                    Appellants.

13

**ATTORNEYS OF RECORD**

**Connelly, Roberts & McGivney, LLC**
**Chicago, Illinois   60603**
**Attorneys for Appellants, Czapski and Czapski-Florek**
**Attn: Thomas R. Rakowski**
     **OF COUNSEL**

**Lloyd & Cavanagh**
**Chicago, Illinois   60606**
**Attorneys for Appellants, Czapski and Czapski and Florek**
**Attn: Timothy J. Cavanagh and Matthew M. Rundio**
     **OF COUNSEL**

**Leyhane & Associates, Ltd.**
**Chicago, Illinois   60606**
**Attorneys for Appellants, Jasinki and Guarnieri**
**Attn: Francis J. Leyhane III**
     **OF COUNSEL**

**James J. Roche & Associates**
**Chicago, Illinois   60610**
**Attorneys for Appellants, Jasinki and Guarnieri**
**Attn: James J. Roche and LeeAnn M. Crow**
     **OF COUNSEL**

-----------------------------------------------------------------------

**Meagher & Geer, PLLP (*Pro Hac Vice*)**
**Scottsdale, Arizona 85258**
**Co-Counsel for Appellee, National Casualty Company**
**Attn: Thomas H. Crouch, Esq. and Kurt M. Zitzer, Esq.**
     **OF COUNSEL**

**Tressler, Sodestrom, Maloney & Priess, LLP**
**Chicago, Illinois   60606**
**Co-Counsel for Appellee, National Casualty Company**
**Attn: James R. Murray, Esq.**
     **Of COUNSEL**