ANDRIENNE MERRITT, Plaintiff-Appellant, v. RANDALL PAINTING COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—99—4171

Opinion filed June 22, 2000.

Karavidas Law Office, of Chicago (Theodore G. Karavidas, of counsel), for appellant.

Worker & Power, of Chicago (Robert G. Black, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Andrienne Merritt, appeals from an order of the circuit court dismissing the instant action as time-barred. For the reasons that follow, we affirm.

On July 8, 1999, the plaintiff filed the instant negligence action seeking recovery for injuries she claims to have sustained on October 16, 1995. According to her complaint, the plaintiff was struck in the head by a window screen that had not been properly secured after the gymnasium located in the Hartigan Elementary School had been painted. The plaintiff's complaint alleges that the "[d]efendants agreed to scrape, plaster patch, clean and paint the entire interior of said school, including the gymnasium, and move all moveable objects, including furniture, equipment, supplies, books, boxes and any other items, in performing such work."

Two of the named defendants, Randall Painting Company and John Randall, filed a motion for involuntary dismissal of the plaintiff's action pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5) (West 1998)), contending that the action was not filed within the two-year statute of limitations for personal injury actions set forth in section 13—202 of the Code (735 ILCS 5/13—202 (West 1998)). After being served, defendant Glenn De-Loach joined in the motion. Thomas Montgomery, Jerry Finch, Ralph Wilson, and Pat Johnon were also named as defendants in the plaintiff's complaint. They have never been served and have not appeared.

In response to the motion to dismiss, the plaintiff argued, as she does on appeal, that her action is governed by the four-year statute of limitations set forth in section 13—214(a) of the Code (735 ILCS 5/13—214(a) (West 1998)). The trial court found that the plaintiff's action was governed by the two-year statute of limitations set forth in section 13—202 of the Code and dismissed the plaintiff's action with prejudice. The trial court also found that its order was "final and appealable." Thereafter, the plaintiff filed a timely notice of appeal.

Before addressing the substantive issue presented by this appeal, we feel compelled to comment on the source of our jurisdiction. The plaintiff asserts that we have jurisdiction pursuant to Illinois Supreme Court Rule 301 (155 Ill. 2d R. 301). The trial court's order states that the "complaint is dismissed with prejudice." An argument can be made, however, that the dismissal applies only to the three defendants that actually moved for dismissal and not to the remaining four,

unserved defendants. If such were the case, as this court found it to be in *Zak v. Allson*, 252 Ill. App. 3d 963, 964-65, 625 N.E.2d 160 (1993), the trial court's order would dispose of the plaintiff's claim with regard to less than all defendants and would not be appealable under Rule 301. We would, therefore, lack jurisdiction over this appeal entirely as the trial court's finding that its order is "final and appealable" is insufficient to satisfy the requirements under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). *Coryell v. Village of La Grange*, 245 Ill. App. 3d 1, 5, 614 N.E.2d 148 (1993). Accordingly, we must determine whether the trial court intended its dismissal to be only with regard to the served defendants who pursued the motion to dismiss or whether it intended to dismiss the complaint in its entirety.

In *Zak*, this court held that an order granting a motion to dismiss the plaintiff's complaint with prejudice on the basis of *res judicata* was not appealable under Rule 301 where the motion had been filed on behalf of only one defendant. We reasoned that, since a second, unserved defendant had not invoked the defense of *res judicata*, a procedural defense that can be waived if not raised, and the unserved defendant was not a party to the case upon which the defense rested, the trial court's dismissal order applied only to the served defendant. *Zak*, 252 Ill. App. 3d at 963-64.

■ Here, as in *Zak*, the motion to dismiss was brought by fewer than all of the defendants and the basis of the motion, the expiration of the statute of limitations, is also a procedural defense that can be waived if not raised (*Boonstra v. City of Chicago*, 214 Ill. App. 3d 379, 389, 574 N.E.2d 689 (1991)). A significant factual distinction exists, however, between the instant case and *Zak*. In the instant case, the liability of Randall Painting Company, one of the defendants that was served and moved for dismissal, is predicated, in part, upon the alleged acts of its agents and employees, the four unserved defendants. Accordingly, as to the acts alleged to have been committed by the four unserved defendants, Randall Painting Company and those defendants constitute a unified tortfeasor. *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 123-24, 382 N.E.2d 1217 (1978). Furthermore, the claims asserted against Randall Painting Company under the theory of *respondeat superior* and those asserted against the four unserved defendants "are one and the same" (*Towns*, 73 Ill. 2d at 125). Under these circumstances, we interpret the trial court's order as a dismissal of the complaint in its entirety. Accordingly, we find we have jurisdiction over the instant appeal under Rule 301. Having so concluded, we now turn to the merits of the issue raised.

■ Since the trial court dismissed the plaintiff's action in response to a motion pursuant to section 2—619 of the Code, our review is *de*

*novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge,* 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993). In conducting that review, we accept as true all well-pleaded facts in the plaintiff's complaint and draw from those facts all reasonable inferences that are favorable to the plaintiff. *Mackereth v. G.D. Searle & Co.,* 285 Ill. App. 3d 1070, 1074, 674 N.E.2d 936 (1996). We do not, however, accept as true conclusions of law or fact that are unsupported by allegations of specific fact. *Spillyards v. Abboud,* 278 Ill. App. 3d 663, 668, 662 N.E.2d 1358 (1996). Our function is to determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc.,* 156 Ill. 2d at 116-17.

■ Section 13—202 of the Code provides that actions for damages for an injury to the person shall be commenced within two years next after the cause of action accrued. 735 ILCS 5/13—202 (West 1998). Section 13—214(a) of the Code, however, provides:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity [*sic*], knew or should reasonably have known of such act or omission." 735 ILCS 5/13—214(a) (West 1998).

Since section 13—214(a) is a specific statute of limitations pertaining to construction-related activities, when applicable it takes precedence over the general statute of limitations for personal injuries set out in section 13—202. *Hernon v. E.W. Corrigan Construction Co.,* 149 Ill. 2d 190, 196, 595 N.E.2d 561 (1992).

In this case, the plaintiff's complaint alleges that she was injured on October 16, 1995, and there is nothing in her complaint to suggest that the statute of limitations did not commence running on that date, regardless of which limitations period is applicable. The plaintiff filed her action on July 8, 1999. Consequently, if the two-year statute of limitations set out in section 13—202 of the Code applies, the plaintiff's action is time-barred. If, on the other hand, the four-year statute of limitations set out in section 13—214(a) applies, the plaintiff's action was filed timely and the trial court erred in dismissing it. Specifically, the resolution of this appeal turns on the question of whether it can be said, as a matter of law, that the plaintiff's action does not arise from an act or omission in the "design, planning, supervision, observation or management of construction, or construction of an improvement to real property." See 735 ILCS 5/13—214(a) (West 1998).

■ Although grounded in fact, the question of whether something constitutes an "improvement to real property" is one of law. *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 3, 605 N.E.2d 555 (1992). An improvement to real property is an addition that amounts to more than a mere repair or replacement and that substantially enhances the value of the property. *McGee v. Danz*, 261 Ill. App. 3d 232, 235-36, 633 N.E.2d 234 (1994); *Calumet Country Club v. Roberts Environmental Control Corp.*, 136 Ill. App. 3d 610, 613, 483 N.E.2d 613 (1985). It does not include ordinary maintenance. See *Litvak v. 155 Harbor Drive Condominium Ass'n*, 244 Ill. App. 3d 220, 223, 614 N.E.2d 190 (1993).

■ In this case, the plaintiff's complaint alleges that the defendants were engaged to "scrape, plaster patch, clean and paint" the entire interior of the Hartigan Elementary School. We have no difficulty in finding that such work in an existing structure is nothing more than ordinary repair and maintenance and does not constitute an improvement to real property. The fact that the plaintiff characterizes the defendants' work as "remodeling" and "the construction of an improvement to real property" does not change our conclusion in this regard. Whether any particular work constitutes "remodeling" or "the construction of an improvement to real property" is a conclusion to be drawn from underlying factual allegations. In this case the plaintiff failed to allege any facts in her complaint that could lead to a reasonable inference or conclusion that the defendants were engaged in anything other than ordinary repair and maintenance work. Moreover, when faced with the section 2—619 motion, the plaintiff failed to file any affidavits to establish that the work performed by the defendants constituted an improvement to real property.

Because the plaintiff failed to allege any facts in her complaint or provide any affidavit to establish that her injury was the result of an act or omission in the design, planning, supervision, observation, or management of construction, or construction of an improvement to real property, the four-year limitation provided in section 13—214(a) of the Code is inapplicable. *Estate of Herington v. County of Woodford*, 250 Ill. App. 3d 870, 874-75, 620 N.E.2d 463 (1993). As such, her action is governed by the two-year statute of limitations set forth in section 13—202 of the Code and was properly dismissed by the trial court as time-barred.

Affirmed.

SOUTH and BARTH, JJ., concur.