# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Byer Clinic & Chiropractic, Ltd. v. State Farm Fire & Casualty Co.*,
**2013 IL App (1st) 113038**

---

| | |
|---|---|
| Appellate Court Caption | BYER CLINIC AND CHIROPRACTIC, LTD., Individually and as the Representative of a Class of Similarly-Situated Persons, Plaintiff-Appellant, v. STATE FARM FIRE AND CASUALTY COMPANY, ENIVA USA, INC., ENIVA INTERNATIONAL, INC., ENIVA IC-DISC, INC., KAPRAUN, P.C., and DR. MICHAEL KAPRAUN, Defendants- Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-11-3038 |
| Filed | March 12, 2013 |
| Rehearing denied | April 10, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of plaintiff's action seeking a declaratory judgment that defendant insurer had a duty to defend an underlying class action alleging a violation of the Telephone Consumer Protection Act was upheld based on the court's finding that defendant insurer was defending the underlying suit subject to a reservation of rights and no justiciable controversy existed "at this time." |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-7102; the Hon. Stuart Palmer, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Anderson & Wanca, of Rolling Meadows (Brian J. Wanca, David M. Oppenheim, and Jeffrey A. Berman, of counsel), and Bock & Hatch, LLC, of Chicago (Phillip A. Bock, of counsel), for appellant.

Dykema Gossett PLLC, of Chicago (Rosa Tumialan, of counsel), for appellees.

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Quinn and Connors concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff Byer Clinic & Chiropractic, Ltd. (Byer), appeals the order of the circuit court denying its motion to reconsider the court's dismissal, pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2008)), of Byer's declaratory judgment action against defendant State Farm Fire & Casualty Company (State Farm). On appeal, Byer contends the trial court erred in denying its motion to reconsider because (1) the trial court should not have based its dismissal on the finding that no justiciable controversy exists as to Dr. Michael Kapraun and Kapraun, P.C., where State Farm first raised the argument in response to Byer's answer to the motion to dismiss; (2) State Farm is judicially estopped from arguing that no case or controversy exists where it acknowledged the existence of a controversy between the parties in another case; and (3) Byer, as a third-party victim, has standing to seek a declaration of rights over an insurer's coverage when the insurer is defending its insured under a reservation of rights. For the following reasons, we conclude the circuit court correctly denied Byer's motion to reconsider and affirm.

¶ 2                              JURISDICTION

¶ 3    The trial court denied Byer's motion to reconsider on September 12, 2011. Byer filed a notice of appeal on October 12, 2011. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                              BACKGROUND

¶ 5    Byer filed a class-action complaint against Eniva USA, Inc., Eniva International, Inc., Eniva Ic-Disc, Inc. (collectively Eniva), Kapraun, P.C., Dr. Michael Kapraun (collectively Kapraun), and John Does 1 through 10, alleging a violation of the Telephone Consumer Protection Act of 1991 (TCPA) (47 U.S.C. § 227 (2006)). On February 24, 2011, Byer filed

a complaint for declaratory judgment naming State Farm, Eniva, and Kapraun as defendants. In its declaratory judgment complaint, Byer sought a declaration "concerning the rights and obligations under the commercial general liability policies issued by State Farm to Eniva."

¶ 6     State Farm filed a section 2-619 motion to dismiss the complaint on March 29, 2011. In its motion State Farm alleged that Byer sought a declaration of rights regarding State Farm's duty to defend Eniva, a party State Farm's policies do not insure. State Farm stated that its policies insure Kapraun, not Eniva. Byer filed a response in support of its complaint, and State Farm filed a reply in which it alleged for the first time that no justiciable controversy existed as to Kapraun since State Farm was presently defending him subject to a reservation of rights.

¶ 7     On June 14, 2011, the trial court held a hearing on the motion to dismiss. At the hearing, State Farm argued that the trial court should grant its motion because the complaint alleged a duty to defend Eniva, a party its policies do not insure. Counsel for Byer replied that "all of the Eniva corporate entities have been dismissed from the underlying action at this point. So at this point, we're dealing with a coverage action only involving Michael Kapraun and Kapraun, P.C." Counsel stated that the Eniva defendants were dismissed on June 9, 2011. He offered to replead the complaint "to make it more clear" but believed "that the appropriate parties are here" and a justiciable controversy existed because State Farm was defending Kapraun subject to a reservation of rights. Counsel also argued that State Farm filed a declaratory judgment action against Kapraun in Michigan, Kapraun's place of business, which shows a controversy exists as to Kapraun's insurance coverage. The trial court responded that it had "no idea what you're talking about. There's nothing in the pleadings about that."

¶ 8     State Farm argued that no justiciable controversy exists because Kapraun is "receiving the full policy benefits, subject to a reservation, admittedly." It further argued that it could have filed a declaratory judgment action, but instead chose to defend Kapraun subject to a reservation of rights. State Farm argued that no justiciable controversy exists "unless and until State Farm withdraws that reservation." It also contended that Byer could not cure this defect through an amendment so long as State Farm agreed to defend Kapraun, and it sought dismissal of Byer's complaint with prejudice. The trial court clarified that even if it dismissed Byer's complaint with prejudice, Byer would be free to pursue an indemnity claim if Kapraun is found liable in the underlying class action suit. The trial court granted State Farm's motion to dismiss Byer's declaratory judgment complaint with prejudice, finding no justiciable controversy as to Kapraun "at this time." The court denied State Farm's request for sanctions.

¶ 9     Byer filed a motion to reconsider on July 14, 2011. In its motion, Byer requested that the trial court vacate the June 14, 2011, order dismissing its declaratory judgment complaint and grant Byer leave to amend the complaint and add Kapraun as plaintiff. In support, Byer argued that the trial court should not have considered State Farm's argument that no justiciable controversy exists when the insurer defends subject to a reservation of rights because State Farm raised the issue not in its motion to dismiss, but in its reply to Byer's answer to the motion. Byer also argued that State Farm is judicially estopped from arguing that no controversy exists because it filed a declaratory judgment action against Kapraun in

Michigan alleging it has no duty to defend Kapraun. Finally, Byer argued that it has standing to bring the action. The trial court denied the motion without a hearing on September 12, 2011. Byer filed this timely appeal.

¶ 10                                             ANALYSIS

¶ 11        As an initial matter, we address State Farm's contention that this court lacks jurisdiction to consider this appeal. Byer's complaint for declaratory judgment lists State Farm, Eniva, and Kapraun as defendants. State Farm was the only defendant that filed a motion to dismiss the complaint. At the hearing on the motion, Byer agreed to dismiss Eniva as a party. After the hearing, the trial court granted the motion to dismiss with prejudice, but the order did not contain an express finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that "there is no just reason for delaying either enforcement or appeal or both." Without this finding, any judgment that determines the rights and liabilities of fewer than all parties to an action is not appealable. *Zak v. Allson*, 252 Ill. App. 3d 963, 965 (1993).

¶ 12        State Farm contends that since Kapraun did not appear at the hearing or file a motion to dismiss, Kapraun is still a defendant in the matter and the trial court's order must contain the required finding under Rule 304(a) for this court to hear the appeal. In support, State Farm cites *Zak*. In *Zak*, the complaint named two defendants but only one filed a motion to dismiss. The record contained no evidence that the other defendant was ever served, and the motion and hearing made no mention of the other defendant. *Id.* at 964-65. The trial court granted the motion to dismiss without an express Rule 304(a) finding. *Id.* at 965. The court in *Zak* determined that it had no jurisdiction to consider the appeal because the other defendant was still a party in the action and the trial court's order did not contain the required Rule 304(a) finding. *Id.*

¶ 13        However, this court in *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 559 (2000), determined that the holding in *Zak* should be confined to the facts of that case. In *Merritt*, the underlying complaint named seven defendants of which only three were served. Those three defendants eventually joined in a motion to dismiss which the trial court granted. *Id.* at 558. The order dismissing the motion did not contain a Rule 304(a) finding. *Id.* at 559. The *Merritt* court addressed the jurisdiction issue, stating that it "must determine whether the trial court intended its dismissal to be only with regard to the served defendants who pursued the motion to dismiss or whether it intended to dismiss the complaint in its entirety." *Id.* The court found that since the liability of one of the served defendants was based, in part, on the alleged acts of its agents (the four unserved defendants), together they "constitute[d] a unified tortfeasor." *Id.* Therefore, it held that the trial court intended to dismiss the complaint in its entirety and the appellate court had jurisdiction over the appeal under Rule 301. *Id.* See also *Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 454-55 (2006) (citing to *Merritt* with approval).

¶ 14        In the case before us, State Farm filed the motion to dismiss and Kapraun was served but did not appear at the hearing or file a motion. The underlying complaint is a declaratory judgment action seeking the rights and obligations of the parties under the commercial general liability policies issued by State Farm to Eniva. The complaint identified Kapraun

-4-

as an agent of Eniva. At the hearing, Byer acknowledged that State Farm's policies did not insure Eniva but rather insured Kapraun. Byer voluntarily dismissed Eniva as a party and the hearing continued as to defendant Kapraun. Kapraun was referenced throughout the proceeding. After argument by the parties, the trial court stated:

"The [section] 2-619 motion is granted with prejudice. The case is dismissed. It's pled against the wrong defendants as to Eniva. And as to Kapraun, there's no justiciable controversy at this time."

The trial court's decisive word choice, "this case is dismissed," along with the expressed finding that the other defendants are not properly party defendants, is an all-encompassing dismissal order confirming the court's intention to dismiss the complaint in its entirety as to all named defendants, including Kapraun. Therefore, we have jurisdiction over this appeal under Rule 301. *Merritt*, 314 Ill. App. 3d at 559.

¶ 15 On appeal, Byer contends the trial court erred in denying Byer's motion to reconsider the dismissal of its declaratory judgment complaint. In its motion, Byer argued that the trial court erred in dismissing the complaint because a justiciable controversy existed between Byer and State Farm. Byer also argued that State Farm is judicially estopped from arguing that no controversy exists where it acknowledged a controversy between the parties in another case. Although Byer raised the judicial estoppel issue in the proceedings below, the trial court did not consider the argument because it had "no idea what [Byer was] talking about. There's nothing in the pleadings about that." When a denial of a motion to reconsider is based on new matter not presented during the proceedings leading to the challenged order, an abuse of discretion standard of review applies. *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006). However, we review the trial court's application of existing law to the facts presented *de novo*. *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 97 (2004).

¶ 16 Byer first contends that the trial court should not have dismissed its complaint based on the finding that no justiciable controversy exists as to Kapraun, where State Farm first raised the argument in reply to Byer's answer to the motion to dismiss. As support, Byer cites to *Burlington Northern & Santa Fe Ry. Co. v. ABC-NACO*, 389 Ill. App. 3d 691, 717 (2009). In *Burlington*, this court references Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008), which provides that "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." This rule, however, applies to appellate briefs and not to the pleadings before the trial court. State Farm first raised the issue in its response to Byer's answer to the motion to dismiss. Furthermore, State Farm raised the issue during the hearing on the motion to dismiss, and the parties argued the merits of the issue before the trial court. The trial court dismissed Byer's declaratory judgment complaint based on its finding that no justiciable controversy exists "at this time" as to Kapraun. Only issues not raised before the trial court are waived on appeal. *IPF Recovery Co. v. Illinois Insurance Guaranty Fund*, 356 Ill. App. 3d 658, 666 (2005).

¶ 17 We now determine whether the trial court erred in applying the law when it dismissed Byer's declaratory judgment complaint after finding that no justiciable controversy as to Kapraun exists "at this time." "A declaratory judgment action is not intended to permit moot

or hypothetical cases, or to enable parties to secure advisory opinions or legal advice from the court with respect to anticipated future difficulties ***." *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371, 373 (1993). The claim must contain an actual controversy capable of judicial determination. *Id*. at 372.

¶ 18  Byer's complaint sought a declaration that State Farm had a duty to defend and indemnify Kapraun in the underlying class action suit. At the hearing on State Farm's motion to dismiss, the trial court determined that the coverage issue raised by the complaint was not ripe for adjudication. The court agreed with State Farm's position that since it was presently defending Kapraun under a reservation of rights, and it has not filed a declaratory judgment action contesting that defense, no controversy exists concerning its duty to defend. Furthermore, the trial court has made no finding of Kapraun's liability in the underlying class action suit. Therefore, a determination of State Farm's duty to indemnify also is not ripe for adjudication. See *Weber*, 251 Ill. App. 3d at 373-74 (a declaratory judgment action brought to determine an insurer's duty to indemnify is premature if brought prior to an adjudication of the insured's liability in the underlying action). The trial court did not err in dismissing the declaratory judgment complaint because no justiciable controversy exists "at this time."

¶ 19  Byer disagrees, arguing that "[i]t is common practice to litigate the duty to defend when an insurer reserves rights to contest coverage." As support, Byer lists seven cases including *National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Glenview Park District*, 158 Ill. 2d 116, 128 (1994), and *Pekin Insurance Co. v. Recurrent Training Center, Inc.*, 409 Ill. App. 3d 114 (2011). However, these cases are inapposite because all involve insurers that initially accepted a tender of defense subject to a reservation of rights but subsequently filed a declaratory judgment action. State Farm has not filed a declaratory judgment action against Kapraun contesting its defense in the case at bar. We have found no case supporting Byer's position that an injured plaintiff may file a claim seeking a declaration of coverage when the insurer is defending the tortfeasor subject to a reservation of rights.[1]

¶ 20  Byer next contends that State Farm is judicially estopped from arguing that no case or controversy exists where it acknowledged the existence of a controversy between the parties in another case in Michigan. Byer raised this argument in its pleadings for the first time in its motion to reconsider. In any event, we find that Byer has waived consideration of this issue on appeal. The doctrine of judicial estoppel prohibits a party from assuming a position in a legal proceeding that is contrary to a position it held in a prior legal proceeding. *Bidani v. Lewis*, 285 Ill. App. 3d 545, 550 (1996). In order to impose judicial estoppel upon a party, the court must find the following elements: (1) the two positions were taken by the same party; (2) the positions were taken in judicial proceedings; (3) the positions were taken under oath; (4) the party successfully maintained the first position and received some benefit; and (5) the positions taken were totally inconsistent. *Id*. Byer in its appellate brief does not argue

---

[1]Byer also argues that State Farm is providing Kapraun with a "conflicted defense and, as a result, State Farm's reservation of rights was ineffective." Byer then alleges that, "therefore, *** State Farm has waived its policy defense and is estopped from raising its policy defenses." However, Byer has not provided any citation to authority in support of these bare arguments in violation of Rule 341(h)(7). We do not consider these arguments on appeal.

whether State Farm's inconsistent positions satisfy these elements, nor does it argue those elements in its motion to reconsider. Therefore, it has waived consideration of this issue on appeal pursuant to Rule 341(h)(7).[2]

¶ 21 Byer also argues that it has standing to bring its declaratory judgment action, apparently in response to State Farm's argument that Byer has no standing because "State Farm is presently funding Kapraun's defense subject to a reservation of rights." Byer argues that tort claimants, like Byer, have the same right to bring insurance coverage actions as insureds and their insurers, including the right to force the insurer to defend. In support, Byer cites the holdings in *Record-A-Hit, Inc. v. National Fire Insurance Co. of Hartford*, 377 Ill. App. 3d 642 (2007), *Pratt v. Protective Insurance Co.*, 250 Ill. App. 3d 612 (1993), and *Reagor v. Travelers Insurance Co.*, 92 Ill. App. 3d 99 (1981). We find these cases inapposite to the instant case. In *Reagor*, Reagor was injured while diving in a lake where Dyer had excavated sand. Reagor named Dyer as one of the defendants in his complaint. Dyer and his insurer, Travelers, agreed that Dyer was not covered by Travelers' policy. Consequently, Travelers withdrew from defending Dyer. This court held that "[a]lthough Travelers and Dyer agreed that there was no coverage, that agreement is obviously not dispositive of the issue as it may affect plaintiffs. Neither the insured nor the insurer, acting separately or together, may act to defeat the rights of the injured person. (See *France v. Citizens Casualty Co.* (1948), 400 Ill. 55, 59, 79 N.E.2d 28, 30 ***.)" *Reagor*, 92 Ill. App. 3d at 102. In the instant case, State Farm and its insured do not have an agreement that the insured is not covered by State Farm's policy. Rather, State Farm is defending its insured, albeit under a reservation of rights.

¶ 22 In *Record-A-Hit*, the tort claimant filed a class action complaint against Tri-State Hose & Fitting, Inc., premised upon the sending of "junk faxes." Tri-State's insurers filed a hybrid motion to dismiss brought pursuant to both sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 619 (West 2006)). For their section 2-615 grounds, the insurers argued that the plaintiff's complaint constituted an impermissible direct action against the liability insurance carriers. The circuit court dismissed the action " 'pursuant to 735 ILCS 5/2-615.' " *Record-A-Hit*, 377 Ill. App. 3d at 644. The insurers had rejected Tri-State's tender of its defense in the underlying action. The appellate court reversed the circuit court:

> "In *Pratt v. Protective Insurance Co.*, 250 Ill. App. 3d 612, 621 N.E.2d 187 (1993), the court relied upon the reasoning in *Reagor* when it concluded that claimants in tort actions 'may always bring a declaratory judgment action to determine a tortfeasor's coverage under an insurance policy.' *Pratt*, 250 Ill. App. 3d at 618. We believe that, in cases where an actual controversy exists between a tort claimant and the tortfeasor's insurance carrier, the holding in *Pratt* represents an accurate statement of the law without the limitation imposed by the *Dial* court." *Record-A-Hit*, 377 Ill. App. 3d at 648 (citing *Dial Corp. v. Marine Office of America*, 318 Ill. App. 3d 1056, 1062-63 (2001)).

---

[2]Interestingly, this issue was raised by Kapraun's counsel in the Michigan proceedings and the trial court there had doubts that State Farm's positions in Michigan and Illinois were "mutually exclusive." It held that the doctrine of judicial estoppel did not apply.

¶ 23     We note that in *Pratt*, as in *Reagor* and *Record-A-Hit*, the insurer had refused to defend its insured in the underlying tort action. Pratt filed his own declaratory judgment action only after Protective Insurance had voluntarily dismissed its declaratory judgment action and after a $425,000 default judgment was entered against its insured, the underlying tortfeasor. Since we find it persuasive, it bears repeating that in the instant case, State Farm has not refused to defend its insured, nor has it dismissed the declaratory judgment action involving its insured. We have found no case supporting Byer's position that an injured plaintiff may file a claim seeking a declaration of coverage when the insurer is defending the tortfeasor subject to a reservation of rights.

¶ 24     The court below never addressed the issue of standing during the hearing on State Farm's motion to dismiss. At the hearing, the issue was whether a justiciable controversy existed–or in other words, whether the declaratory judgment action was ripe for adjudication. Confusion sometimes occurs over the distinction between whether a party has a sufficient stake in a justiciable controversy (standing) and whether a complaint is ripe for adjudication. See *Dial Corp. v. Marine Office of America*, 318 Ill. App. 3d 1056, 1061 (2001). "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). It follows that a controversy must exist before the issue of standing becomes relevant. As discussed above, no actual controversy presently exists regarding State Farm's duty to defend Kapraun. Therefore, the trial court did not abuse its discretion when it denied Byer's motion to reconsider based on the standing issue.

¶ 25     Finally, we consider State Farm's contention that Byer waived review of the trial court's denial of its motion for leave to file an amended complaint. In its motion to reconsider, Byer requests an order vacating the June 14, 2011, dismissal of its cause of action, and an order granting Byer leave to file an amended complaint which lists Kapraun as a plaintiff rather than a defendant. The trial court denied Byer's motion without explanation. State Farm argues that Byer did not raise the issue of the amended complaint in its appellate brief; therefore, the issue is waived. See Ill. S. Ct. R. 341(h)(7) (points not argued in the appellate brief are waived).

¶ 26     In any event, one of the factors this court considers in determining whether the trial court properly denied a motion to amend is whether the proposed amendment would cure the defect in the pleadings. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 69. Adding Kapraun as a plaintiff rather than a defendant would not cure the defect here. We have determined that no justiciable controversy exists at this time because State Farm is providing Kapraun with a defense subject to a reservation of rights. Since State Farm is presently providing a defense to Kapraun, a controversy over State Farm's duty to defend in the class action suit will not arise until State Farm withdraws that defense. This determination will not change simply because Kapraun is now a plaintiff against State Farm. The trial court did not err in denying Byer's motion for leave to amend its complaint.

¶ 27     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 28     Affirmed.